## THOMAS ROCHE v. J. C. LOVELL.

### No. 6067.

1. **Community Property.**—Where a title to land comes through one purporting to be a widow acting under the statute authorizing the control of the community property by the survivor upon filing bond and appraisement, a necessary link is the proof of the marriage of the parties at the time of the acquisition of the land.

2. **Verdict—Suggestion of Improvements.**—In actions of trespass to try title, where there is a suggestion of improvements by the defendant with testimony upon the suggestion, the verdict should conform to article 4813, Revised Statutes.

3. **Description of Land.**—A judgment will be reversed when for the recovery of land not described in the pleadings nor in the verdict.

4. **Pleadings—Description.**—In trespass to try title the petition should describe the land sued for as in fact it is situated upon the ground, alleging that such is the correct description of the land intended to be conveyed by the title papers under which the ownership to the land is claimed.

APPEAL from Tarrant. Tried below before Hon. J. A. Holland, elected Special District Judge in absence of Hon. R. E. Beckham.

The opinion states the case.

*A. W. De Berry,* for appellant. —1. The plea of not guilty put the plaintiff on proof of every fact necessary to show title in himself to the land. Echols v. McKie, 60 Texas, 41; Schæffer v. Berry, 62 Texas, 705; Keys v. Mason, 44 Texas, 140; Pratt v. Jones, 64 Texas, 694.

There is no proof in the record to show that Mary A. E. Dumas was the wife of James P. Dumas, deceased; the fact that she represented herself so to be and that the district clerk of Grayson County recognized her to be the wife of James P. Dumas, deceased, are not proof of such fact.

There is no proof that the land was the community property of James P. Dumas and his wife Mary A. E. Dumas; this fact is not proved by the mere fact that it is asserted or declared to be the fact by Mary A. E. Dumas in her application to the clerk and in her deed, bond, oath, and inventory, as against the defendant, Roche, who was not a party to any of these proceedings. Without proof of this fact, that is that the land was the community property of James P. Dumas and Mary A. E. Dumas, the deed made by her did not convey the title to the land.

2.   The court erred in charging that the main issue on trial was one of boundary—to determine the boundary between the south half of the Smith survey and the J. W. Williams survey.

3.   The court erred in rendering the judgment entered on the verdict of the jury for plaintiff:

(1)   Because the verdict was not sufficient to render any judgment thereon.

(2)   Because the verdict did not authorize the court to render the judgment rendered and entered herein, in this, the jury does not find that plaintiff is entitled to recover a tract of land 992½ varas north and south and 2185 varas east and west, as described in the judgment of the court.   · Jones v. Andrews, 62 Texas, 664.

4.   The court erred in overruling defendant's motion for a new trial:

(1)   Because the verdict of the jury does not find the value of the land.

(2)   It does not find what particular land plaintiff shall recover.

(3)   It only finds a part of the western line of plaintiff's land.

(4)   The verdict of the jury finds the western boundary of the plaintiff's land reaches beyond the land described in the plaintiff's petition.


No brief for appellee reached the Reporter.


HENRY, ASSOCIATE JUSTICE.—This is an action of trespass to try title brought by J. C. Lovell against Thomas Roche to recover the south half of the J. M. B. Smith 640-acre survey, described by metes and bounds in plaintiff's petition.

The defendant pleaded "not guilty," and improvements in good faith.

Plaintiff's proof of title was as follows:   The land was patented to James P. Dumas and Enoch M. Jones.   Jones conveyed his undivided interest to James P. Dumas.   Application of Mary E. Dumas to the clerk of the District Court of Grayson County, claiming to be the surviving widow of James P. Dumas, followed by the return of an appraisement of the property in controversy and bond and oath of said Mary E. as survivor in community.   Mary E. Dumas as such survivor conveyed the land to Scott S. Dumas, and he conveyed to John C. Lovell the land described as follows:

"Beginning at the southwest corner of L. C. Alexander's 320-acre survey at a stone marked 'T. P. D.;' thence north 950 varas to southeast corner of Haskew's 160-acre tract; thence west with Haskew's and Abston's south lines 1900 varas; said Abston's southwest corner is said Smith's west line; thence south 950 varas to the southwest corner of said Smith's survey; thence east 1900 varas to the place of beginning."

The beginning call in this deed corresponds with the beginning call of the survey described in the petition.

No proof of the date of her marriage or of the fact that Mary E. Dumas was the wife of James P. Dumas was made.

The verdict of the jury was in the following language: "We the jury find for the plaintiff and adjudge that he pay to the defendant the sum of seventy dollars for the value of improvements in excess of the use of the land; and locate the line between plaintiff and defendant, commencing at a pile of stone 371 varas west from the northwest corner of San Antonio & Mexican Gulf Railway Company survey; thence running north with the J. W. Williams survey 875 varas."

The court rendered judgment on this verdict in favor of plaintiff for the following described tract of land: "Situated, lying, and being in Tarrant County, Texas, and being the south one-half of the J. M. B. Smith survey of 640 acres of land, patented November 30, 1858, to J. P. Dumas and E. M. Jones, patent No. 844, volume 16, situated about eight miles south of Fort Worth, on the waters of Sycamore Creek, and described by metes and bounds as follows: Beginning at a point 371 feet west of the northwest corner of the San Antonio & Mexican Gulf Railway Company survey of 640 acres, the same being the southwest corner of said J. M. B. Smith survey; thence north, crossing the old Fort Worth and Fort Graham road 992½ varas; thence east 2185 varas; thence south 992½ varas to the southeast corner of said J. M. B. Smith survey; thence west 2185 varas to the place of beginning." Also awarding writ of restitution to plaintiff on payment to the clerk of $70 adjudged to defendant for improvements.

The first assignment of error is as follows:

"The court erred in his charge to the jury in the following named part thereof, to wit:

"'Under the foregoing instructions you will, therefore, determine which of the lines in dispute is the true division line between plaintiff's and defendant's land, and in order to this end you are instructed that the deeds offered in evidence before you leave the title to the south half of the J. M. B. Smith survey in plaintiff Lovell, and his west line is the line in controversy.' Which said part of said charge is erroneous in this:

"(1)   Because there was no proof that the land sued for was the community property of James P. Dumas, deceased, and Mary A. E. Dumas.

"(2)   Because there was no proof that Mary A. E. Dumas, who executed the deed to Scott S. Dumas, bearing date of March 30, 1878, under and through which plaintiff claims, was the surviving wife of James P. Dumas, deceased, and as such authorized to file an inventory of community property of herself and James P. Dumas, deceased, and as such survivor convey the same.

"(3)   Because the deeds, patent, etc., offered and read in evidence were not sufficient without such proof to establish title to the land in plaintiff."

Defendant requested the court to charge that "in no event can the

plaintiff recover unless he has shown title to the south half of the J. M. B. Smith 640-acre survey to be in plaintiff. The papers read of themselves are not evidence that the said J. P. and M. A. E. Dumas were husband and wife when J. P. Dumas acquired title to the J. M. B. Smith 640 acres of land. Unless plaintiff has proved that the said J. P. and M. A. E. Dumas were husband and wife when the said J. P. Dumas acquired the said land, then return a verdict for defendant." Which the court refused to give.

We think material error was committed because the court did not give the charge refused and omit the one it did give.

A necessary link in plaintiff's chain of title was evidence that Mary E. Dumas was the wife of James P. Dumas at the date of his acquisition of title to the land.

Neither the recitals in the court proceedings when she qualified as survivor in community nor in her deed to her vendee are evidence of that fact.

Other errors were committed during the trial and are complained of here, which not being likely to occur on another trial we do not think it necessary to enlarge upon.

The jury should have returned a verdict in conformity with the Revised Statutes, title 96, chapter 2, upon defendant's claim for improvements. The verdict and the judgment in that respect are both unwarranted by the law.

The description of the land, or rather the want of any description in the verdict, did not authorize a recovery of the particular tract described in the judgment or in the petition.

In fact a judgment for the very land described in the judgment is not authorized by the pleadings or the verdict.

A difficulty no doubt arises in such cases as the present out of the fact that objects called for in the patent are not found on the ground, and the description of the land so far as the muniments of title go depends upon course and distance alone, while the contention of the plaintiff is that the real distances on the ground do not correspond with those mentioned in the patent and deeds.

The true purpose of the petition is to describe the premises as they in fact are situated on the ground, and the pleading should so describe them, alleging that such is the correct description of the land intended to be conveyed by the patent and title deeds.

If this is done the discrepancies in description need not occur again. Then if plaintiff succeeds the evidence will apply the land to the description in his pleadings and the verdict and judgment will properly describe it in the same way.

The question of boundary, while not as the court charged the only issue in the case, is an important and may become the only contested one. It is a question of fact upon which we do not pass in any sense.

No valid objection to the charge of the court as to the rules for ascertaining the true boundaries of the survey have been pointed out. The rules on the subject have often been declared by this court.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

Delivered May 31, 1889.