### J. H. STEPHENS V. FRANK MOTL.

#### No. 7066.

1. **Acknowledgment of Deed — Form.** — April 10, 1848, an acknowledgment taken to a deed was not void for the failure to state the purpose and consideration of the deed. Bowers v. Peterson, 59 Texas, 219; Butler v. Brown, 77 Texas, 342.

2. **Bill of Exceptions.**— A bill of exceptions showed that a deed was admitted over objection that the certificate thereto failed to show a proper acknowledgment by the grantor. *Held*, the objection will be considered as well to the form of the certificate as that it failed to show that it was acknowledged at all by him.

3. **Variance — Acknowledgment.** — The certificate shows that *James Butler* acknowledged the deed which on its face purports to be the deed of Jonas Butler. *Held*, the proof insufficient.

4. **Acknowledgment of Deed Before Notary Public.** — An acknowledgment of a recorded deed purported to have been made before a notary public. The record showed the certificate under the seal of the notary, but neither the county nor State. *Held*, that inasmuch as the notarial seal was by law required to have thereon the name of the county (May, 1859), it will be presumed that the record was properly made, and that the seal showed the place executed.

5. **Judgment as Estoppel.**—Rucker sold a tract of land to Motl, reserving vendor's lien for the purchase money. After selling Rucker sued Stephens for a part of the land sold, alleging title. Stephens recovered. *Held*, the judgment did not conclude Motl as to any equitable right he had in the land, nor would he be bound thereby had Rucker sued at his instance.

6. **Description of Land in Pleading.**—The petition and the judgment described the land sued for and recovered by reference to the northwest corner of the Woodford league, giving course and distance and at one corner a bearing tree. *Held*, that such description can not be held insufficient.

7. **Same—Boundary.**—In every controversy about a boundary instead of confining the description of the land to such only as may be found in the title papers an additional and accurate description of the premises should be given in the pleadings, in connection with the description contained in the title papers, both of which may be alleged to include the same land.

APPEAL from Bell. Tried below before Hon. W. A. Blackburn.

The opinion states the case.

*Harris & Saunders*, for appellant.—1. Under the law in force at the date of the execution of this deed (April 6, 1848), before a deed could be properly admitted to record, and therefore before the record or a

certified copy thereof could be admitted in evidence for the purpose of establishing title, two things were absolutely essential: (1) The deed must be acknowledged by the grantor himself or established by the affidavit of one of the subscribing witnesses before the proper officer. (2) The acknowledgment should state among other things "that he executed said deed for the purposes and consideration therein expressed." Act of May 12, 1846; Rev. Stats., art 4308; Pasch. Dig., art. 5007; Hart. Dig., art. 2790; Monroe v. Arledge, 23 Texas, 479, 480; Shields v. Hunt, 45 Texas, 424; Heil v. Redden, 16 Pac. Rep., 743.

2. Under our statutes in force in 1859 no officer outside of Texas was authorized to take acknowledgment of instruments to be recorded in this State except judges of courts of record having a seal. Notaries public could only take them within the State, and not outside of the counties for which they were respectively commissioned and qualified; hence whereas in this case the notary fails to state either in his certificate or under his signature of what State or county he was an acting or commissioned notary, his act imparts no verity or legal authority to so act, and the attempted authentication is fatally defective. O. & W. Dig., art. 1714; Jenks v. Jenks, 47 Texas, 220; Pasch. Dig., art. 4690; Rev. Stats., art. 3366.

3. If Rucker, holding the superior title to his vendee Frank Motl, at the special request of Motl instituted his action of trespass to try title against J. C. W. Midkiff for the purpose of settling the title to the disputed strip of land and to recover it for his vendee Motl and place him in possession, Midkiff then being in possession of it, and on a trial of the issues involved, in a court of competent jurisdiction, Midkiff recovered the land from Rucker, and at the time of the trial and judgment in said suit Motl still owed Rucker the purchase money for said land, and if the judgment was never appealed from or set aside, but is still in force, and afterward Stephens brought suit of forcible entry and detainer to get possession of the land from Motl, which suit was settled by Motl abandoning his possession and making it the judgment of the court, then Stephens took the possession of the land, etc., then the question of title and possession to the land in controversy are res judicata so far as Rucker and Motl are concerned, and the plaintiff Motl is forever estopped, bound, and precluded from bringing any further action thereon. Foster v. Wells, 4 Texas, 101; Weather v. Mays, 4 Texas, 387; Bryan v. Bridge, 10 Texas, 149; Crane v. Blum, 56 Texas, 325; City v. West, 7 Wall., 82; Craidson v. Leonard, 4 Cranch., 436; Peay v. Duncan, 20 Ark., 85; Gist v. Davis, 2 Hill Ch., 335; Lane v. Freeman, 10 Ohio St., 45; Wales v. Lyon, 2 Mich., 276; Wamick v. Underwood, 3 Head (Tenn.), 238; McKelvain v. Allen, 58 Texas, 387; Lunday v. Pierson and Wife, 67 Texas, 233.

4. The verdict and judgment should decide, settle, and determine the very matter in dispute between the parties, and so describe the

piece of land adjudged to plaintiff by objects now on the ground as will enable the officer in executing the judgment to put plaintiff in posses- sion without the necessity of a judicial investigation on his part.    The verdict and judgment decide nothing; they leave the case just where it began.  Jones v. Andrews, 72 Texas, 5; Edwards v. Smith, 71 Texas, 156.

*Munteith & Furman,* for appellee.—1.  The certificate of acknowledg- ment of Elisha A. Rhodes, notary public, was not so defective as to ex- clude the record of the deed in evidence because it failed to state that the grantor executed said deed for the purposes and considerations therein expressed.   Monroe v. Arledge, 23 Texas, 479; Sowers v. Pet- erson, 59 Texas, 219; Baker and Wife v. Westcott, 73 Texas, 129; Wilson v. Simpson, 68 Texas, 312, 313; Hart. Dig., art. 2790; Belcher v. Weaver, 46 Texas, 293; Mullins v. Weaver, 57 Texas, 5; Watkins v. Hall, 57 Texas, 3; Muller v. Boone, 63 Texas, 93.

2.    After the lapse of forty years the probability is that in copying the certificate of acknowledgment a mistake has been made by the copy- ist, and that the name of James Butler was substituted for Jonas But- ler, or that Jonas Butler was accustomed to sign his name as it appears in the recorded copy of deed offered in evidence, and ought to be the presumption after such lapse of time.   Waters v. Spofford, 58 Texas, 123; Sowers v. Peterson, 59 Texas, 220.

3.    In this case by agreement records were read as originals through- out, and the deed being more than thirty years old a certified copy of any such instrument should be admitted in like manner as the original could be—as an ancient instrument proving itself.   Holmes v. Coryell, 58 Texas, 689; Bass v. Sevier, 58 Texas, 567; Stroud v. Springfield, 28 Texas, 649; Baker and Wife v. Westcott, 73 Texas, 129.

4.    Even if under the statutes of Texas  in force in the year 1859 no notary public outside of the State of Texas was authorized to take ac- knowledgment of instruments to be recorded in the State, and even if the notary public who took the acknowledgment of A. F. James, at- torney in fact for Placid Forestalle, resided out of the State, yet any original defect or want of power in the notary public who took the ac- knowledgment is cured, and any defect in the original registration, by an act of the Legislature passed in 1874, and said acknowledgment and said registration thereby acquired full force, validity, and effect. Pasch. Dig., art. 7418a; Baker and Wife v. Westcott, 73 Texas, 129.

5.    In aid of an acknowledgment reference will be made to the instru- ment acknowledged; and besides, the presumption will be indulged that the acknowledgment was taken in such State and within the county as to give said acknowledgment force and validity; and if defective and taken out of the State of Texas, was validated by curing statute. Pasch. Dig., art. 7418a; Brooker v. Chaplain, 3 Vt., 281; Carpenter v. Dexter, 8 Wall., 513, 529; Fuhrman v. Lowden, 13 Serg. & R., 386;

Harden v. Osborne, 60 Ill., 93, 96; Dev. on Deeds, secs. 482, 483, 486; People v. Snyder, 41 N. Y., 397, 402.

6. The court did not err in excluding from the jury on plaintiff's objection the judgment rendered in cause of Peter G. Rucker v. Joseph C. W. Midkiff, in the District Court of Bell County, offered in evidence by the defendant, and the other evidence offered simultaneously by defendant. Rev. Stats., arts. 4786, 4788, 4790, 4808; Browning v. Atkinson, 46 Texas, 610; Hooper v. Hall, 30 Texas, 154; Moser v. Hussey, 67 Texas, 457.

Judgment against a vendor does not conclude his vendee in possession with deed recorded. The State v. Rhomberg, 69 Texas, 220; Peters v. Clements, 46 Texas, 114; Wortham v. Boyd, 66 Texas, 404, 405; Robinson v. Black, 56 Texas, 218; Ewell v. Anderson, 49 Texas, 704; Lockhart v. Ward, Dewy & Co., 45 Texas, 228; Ufford v. Wells, 52 Texas, 619.

7. The judgment described the land adjudged to plaintiff by metes and bounds, and at the southeast corner of the 200 acres calls for a bearing tree, which is as great certainty as is required in a judgment in any case. Blassingame v. Davis, 68 Texas, 598; Crabtree v. Whiteselle, 65 Texas, 111.

HENRY, ASSOCIATE JUSTICE.—This was an action of trespass to try title, commenced by the appellee to recover land which was described in his petition as follows: "Two hundred acres out of the northwest corner of the William Woodford league survey, described by metes and bound as follows: Beginning at the original northwest corner of the William Woodford league survey; thence south 71 east 830 varas; thence south 19 west 1360 varas, elm bears south 71 west 31½ varas; thence north 71 west 830 varas, original west boundary line of William Woodford league survey; thence north 19 east 1360 varas to the beginning."

The defendant answered, "that he disclaims as to all of the land described in plaintiff's petition except such portion thereof as may be included in the following boundaries, to-wit: beginning at the southwest corner of the Thornton Stone league; thence north 19 east 361 varas to the southwest corner of lot 2, an elm marked X bears south 66½ east 5 varas; thence south 71 east 2500 varas with south lines of lots 2 and 3 to the southeast corner of lot 3, an elm marked X bears north 66 east 19½ varas; thence south 19 west to the south line of Thornton Stone league, a stake in the north line of the Wm. Woodford league; thence north 71 west 2500 varas to the beginning; containing 160 acres of land, of which the defendant is the sole legal and equitable owner; that as to any land described in plaintiff's petition which may be included within the boundary of the said 160 acres as herein described, defendant says he is not guilty," etc.

The cause was tried by a jury and a verdict was returned "for the plaintiff," upon which a judgment was rendered in his favor describing the land recovered exactly as it was described in the petition.

The plaintiff read in evidence from the book of records of deeds of Bell County, as a link in his chain of title, the copy of a deed from Jonas Butler to John A. Menle, dated the 6th day of April, 1848. The proof upon which said deed was recorded reads as follows:

"*State of Texas.*—Before me, Elisha A. Rhodes, a notary public in and for the county of Galveston, State aforesaid, appeared James Butler, Esq., to me personally known, and acknowledged the foregoing conveyance to be his act and deed. In testimony of which I hereunto subscribe my name and affix the seal of office, at Galveston, the 10th day of April, 1848.          "E. A. RHODES, Notary Public."

The defendant objected to the introduction of the evidence, upon the ground, as appears from the bill of exceptions, that "it did not appear therefrom that said deed had been acknowledged in the manner required by law, in that the officer certifying the same fails to state in his certificate that the grantor acknowledged that he executed said deed for the purposes and considerations therein expressed."

The objection urged here is that the certificate of acknowledgment is defective because it fails to show that the acknowledgment included the purpose and consideration, and does show that it was not acknowledged at all by Jonas Butler, the grantor, but by one James Butler. For the appellee it is stated that the last objection was not urged at all in the District Court.

We can only look to the bill of exceptions to ascertain what the ground of objection in the District Court was. While the manner of stating the objection is somewhat suggestive of the idea that it may have been understood as applying to the contents of the certificate and not to the person by whom the acknowledgment was made, still, as the objection directed the attention of the court to the failure of the certificate to show a proper acknowledgment by the grantor, we feel constrained to conclude that it should be held to include the objection that it failed to show that he had acknowledged it at all.    It has been held by this court that a certificate of acknowledgment of a deed for record is not rendered defective by its omitting to state both the consideration and the purpose for which it is made.    Sowers v. Peterson, 59 Texas, 219; Butler v. Brown, 77 Texas, 342.

An unexplained certificate that James Butler acknowledged the execution of a deed signed by and purporting to be the act of Jonas Butler can not be held to authorize its record.    We have no right to uphold the record by indulging speculation as to how a mistake may have been made in copying the certificate or otherwise.    We think that there was

error in admitting the copy of the deed over the objection requiring a reversal of the judgment.

Another error assigned is that "the court erred in admitting in evidence the deed from Placid Forestall to Charles Powel, dated May 24, 1859, over the objections of defendant." This deed was acknowledged for record in the year 1859.

The whole certificate of the notary is exactly in these words: "Before the undersigned authority this day personally appeared Alfred F. James, attorney in fact for Placid Forestall, who acknowledged that he, as attorney aforesaid, signed, sealed, and delivered the foregoing instrument of writing, and declared the same to be the act and deed of said Placid Forestall for the purposes and considerations therein expressed. To testify which I grant these presents under my hand and impress of my official seal, this 24th day of May, 1859.

    [SEAL]              . "E. P. HUNT, Notary Public."

At that date our statutes only authorized a notary public within the State to take acknowledgments of deeds. In the year 1874 an act of the Legislature validated such acknowledgments and the record of deeds thereunder when they had been taken within the United States and their Territories, but not elsewhere. It is insisted that as the certificate does not show in what part of the world the acknowledgment was taken, it fails to show that it was good originally or that it was subsequently rendered so by the validating act of the Legislature.

At the time of the acknowledgment in question every notary public within this State was required to "provide a seal of office, whereon shall be engraved in the center a star of five points, and the words 'Notary Public, County of ———, Texas,' around the margin, and he shall authenticate all his official acts therewith." This seal if attached would properly be looked to by the officer who made the record to aid the certificate of acknowledgment, and as the record was made it must be presumed, especially after so great a lapse of time, that the seal used showed that the certificate was made by an officer of the proper county in this State. We do not think that an error was committed by allowing the evidence to be introduced. The land in controversy was conveyed to the plaintiff Motl by one Rucker by a deed which reserved the vendor's lien for unpaid purchase money. Subsequent to the execution of this deed, and while the purchase money was unpaid, Rucker prosecuted against the vendor of the defendant Stephens an action of trespass to try title for the recovery of the land, to which his vendee Motl was not a party. Rucker's petition alleged that he owned the fee and made no reference to Motl. The suit resulted in a judgment for the defendant. The defendant claims that on account of the form of the deed, and as Motl had not paid for the land, the legal title was still in Rucker, and that Motl is estopped by the judgment against him.

We think that without reference to who held the legal title, Motl held an equitable interest in the land, of which he could not be divested by the result of a suit begun subsequent to his purchase of it, and to which he was not made a party. The fact that Rucker sued in his own name at the request of Motl, and that his suit was intended for his benefit, is of no importance.

It is evident that the real issue in the cause is as to where the dividing line between the Woodford and Stone leagues is situated. The plaintiff described the land as it is described in the Woodford patent, and the judgment describes it in the same way.

Appellant assigns error on this, and contends that because the judgment fails to determine the position of the dividing line between the two leagues it does not settle anything.

This may be and probably is true. But we have no means of knowing that the description of the land given in the petition and followed in the judgment fails to sufficiently identify the land recovered, so that the sheriff may be able to identify it when he comes to execute the writ of possession, and so that the very land recovered may be identified in future controversies. The judgment should follow the petition, and should not contain a materially different description of the premises. The officer who executes the writ of possession could not place the plaintiff in possession of land not embraced in the judgment. It is true, as contended by the appellant, that if the description of the land recovered does not apply to the land in controversy, nothing is settled by the suit. It may be advisable for the plaintiff to amend his pleadings in this respect. In every controversy about a boundary, instead of confining the description of the land to such only as may be found in the title papers, an additional and accurate description of the premises should be given in the pleadings in connection with the description contained in the title papers, both of which may be alleged to include the same land. Roche v. Lovell, 74 Texas, 191.

If the plaintiff fails to state the case so that a judgment conclusive of the controversy can be rendered, the defendant may so frame his own pleadings as to accomplish the result. The difficulty from the want of a sufficient description of the premises can not be solved without reference to the pleadings.

As the judgment will be reversed we deem it unnecessary to consider the assignments with regard to the refusal of the court to have witnesses recalled during the argument to the jury and to what was said by the plaintiff's counsel in his concluding address to the jury. These questions are not likely to arise upon another trial, and we have considered all other questions presented by the assignment of errors.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered May 19, 1891.