## HERMAN WILHELM v. JULIUS BAUMAN.

### Decided November 30, 1910.

**1.—Boundaries—Judgment.**

Where the only issue in an action of trespass to try title is as to whether the tract sued for was included in the boundaries of plaintiff's land, the judgment should identify the land recovered by him by reference to landmarks which could be found by a surveyor without exercising judicial functions, and is insufficient if it fail to do so.

**2.—Same—Case Stated.**

A judgment of recovery in a boundary case in form of trespass to try title followed the description given in plaintiff's petition; but this gave no reference to objects on the ground from which it could be located except a corner of plaintiff's land, the bearing trees locating which as called for in his deed were shown by the evidence not to be found, and a call to include a fence lately built, without stating its distance from the boundary line. Held that the judgment was insufficient to locate the boundary in question and must be reversed for this defect.

Appeal from the District Court, of Burleson County. Tried below before Hon. Ed. R. Sinks.

*W. M. Hilliard,* for appellant.—The description in appellee's deed, in connection with the description in his judgment is not sufficient to

identify land recovered by him in this suit. Jones v. Andrews, 62
Texas, 653; McAninch v. Freeman, 69 Texas, 447; Chew v. Zweib, 29
Texas Civ. App., 311; Thompson v. Langdon, 87 Texas, 256; County of
St. Clair v. Lovingston, 23 Wall., 62.

*Bowers & Garrett,* for appellee.—Cited, contra: Thatcher v. Matthews,
101 Texas, 122; Johnson v. Archibald, 78 Texas, 102; Bolton v. Lann,
16 Texas, 96; Dalby v. Booth, 16 Texas, 554; Stafford v. King, 30 Texas,
257; Goodson v. Fitzgerald, 40 Texas Civ. App., 619; Wilkins v. Claw-
son, 37 Texas Civ. App., 162; Hamilton v. Blackburn, 43 Texas Civ.
App., 153; McIver v. Walker, 4 Wheat., 442.

KEY, CHIEF JUSTICE.—Although the petition upon which this case
was tried was in the form of trespass to try title, the testimony made
it a boundary case; and, from a judgment for the plaintiff, the defendant
has appealed.

The only reversible error is that pointed out in the second assignment,
the objection being that the judgment does .not settle the controversy
between the parties. The land in controversy is described in the plain-
tiff's petition as part of a 150-acre tract belonging to the plaintiff,
and by metes and bounds as follows: "Beginning at a point in the E.
line of said 150 acre tract 800 vrs. S. 3½ W. from the N. E. corner of
said 150 acre tract; thence S. 3½ W. with said line 1350 vrs. to cor.,
being the S. E. cor. of said 150 acre tract, stake for cor., thence W. 6
vrs., thence N. 3¾ E. including a new fence lately built, 1350 vrs. to
place of beginning, containing 7/10 acres of land, more or less."

The defendant filed a general denial and plea of not guilty, and cer-
tain other pleas, not necessary to be named. It was agreed that Susan
C. Turner was common source of title, and it was shown that the plain-
tiff and defendant each deraigned title from her to 150 acres of land,
being part of the A. Thompson league in Burleson County. The plain-
tiff's was the older subdivision and title, and the defendant's tract
called for and was adjacent to the plaintiff's. The land sued for by
the plaintiff was claimed by him as part of the 150 acre tract, title
to which he deraigned from Mrs. Turner. It will be noted that the
beginning corner of the tract sued for is described as in the east line
of the plaintiff's 150 acre tract and 800 varas from the northeast corner
of the latter tract, and no bearing trees, or other means of identity,
are given.

The judgment of the court, instead of locating the boundary line
in dispute and describing it with reference to objects now on the ground,
follows the description of the land as given in the plaintiff's petition.
However, the plaintiff's deed to his 150-acre tract refers to bearing
trees at the northeast corner, and if either of these could be found upon
the ground so as to identify that corner, it may be that the description
in the judgment would be sufficient, but the undisputed testimony shows
that no such trees can now be found. Only one surveyor testified in the
case, and, according to his testimony, the only means of locating the

line in dispute is certain line trees; and in order to so locate the line it was necessary to vary one of the courses and several of the distances called for in the field notes of the plaintiff's 150 acre tract. However, we are not passing upon the merits of the case, and merely refer to the testimony relied on by the plaintiff for the purpose of showing that the judgment does not conform to that testimony. The description given in the judgment does not refer to any tree of any kind or containing any mark; nor does it refer to anything else by which the land in controversy can be identified upon the ground. It does state that the land recovered includes a new fence, lately built, but it does not state how far the line in controversy is from the fence.

The purpose of a boundary suit is to fix and determine the boundary line in controversy, so that an officer charged with the duty of executing a writ of possession can go upon the ground, and, without exercising judicial functions, ascertain the locality of the line fixed by the judgment; and if the judgment does not accomplish that result it is of no avail and should be set aside on appeal. (Edwards v. Smith, 71 Texas, 161; Jones v. Andrews, 72 Texas, 17; Reed v. Cavitt, 1 Texas Civ. App., 156; Provident Natl. Bank v. Webb, 128 S. W., 426.) The case last cited was differentiated by this court from the other cases cited; but, in the course of the opinion, Mr. Justice Jenkins correctly stated the rule applicable to this class of cases in the following language: "In a boundary suit brought in form of trespass to try title, where there is a general verdict for the plaintiff, if the plaintiff has not in his petition described the boundary so that it can be identified by objects found on the ground, a judgment following the verdict is void, for the reason that it can not be executed without the officer attempting to execute the same assuming judicial functions and determining the location of such boundary; and such a judgment would not sustain a plea of res adjudicata in a subsequent suit between the same parties involving the same subject matter."

Looking to the description of the land contained in the plaintiff's petition and in the judgment and the testimony upon which the case was tried, we feel compelled to hold that the judgment fails to determine the matter in controversy; and for that reason it will be reversed and the cause remanded for another trial.

*Reversed and remanded.*