JONES–O'BRIEN, Inc., v. LOYD et al.

No. 1651.

Court of Civil Appeals of Texas. Eastland.
May 7, 1937.

Rehearing Denied June 4, 1937.

Abney & Caven, of Marshall, Phillips, Trammell, Chizum, Estes & Edwards, of Fort Worth, and Campbell & Leake, of Longview, for appellant.

Bramlette & Levy and Wynne &·Wynne, all of Longview, for appellees.

FUNDERBURK, Justice.

The widow and children of John Loyd, deceased, brought this suit—an action in trespass to try title—against Jones-O'Brien, Inc., and others, to recover a 3.07-acre tract of land in Gregg county. Title by ten years' limitation was relied on by plaintiffs. Jones-O'Brien, Inc., except as to the oil and gas with incident easements, disclaimed, but as to the interest not disclaimed, in addition to pleas of general denial and not guilty, pleaded ten years limitation. A number of defendants cited by publication answered by their attorney appointed by the court, and in addition to particular pleas, adopted the pleadings of all other parties. B. T. Williams pleaded three, five, and ten years' limitation.

The land was described in plaintiffs' petition as follows:

"A part of the Wm. McCurry and L. B. Outlaw Survey No. 241 in Gregg County,

Texas, said tract being more particularly described by the following metes and bounds, to-wit; Beginning at a point which in 1909 was the NW corner of Mrs. Sallie Hughey 204 acre tract in the L. B. Outlaw Survey No. 243, corner in public road 1258.6 varas west of the NE corner of the square L. B. Outlaw Survey No. 243, as witnessed by a P. O. tree bearing South 5 deg. W 6 varas;

"Thence West 1055.0 feet to the NW corner of the John Loyd 25 acre tract out of the L. B. Outlaw Survey No. 243, and the SW corner of this 3.07 acre tract, in the north line of said Outlaw Survey, 251.4 varas W of the SW corner of McCurry Survey and in South line of the L. B. Outlaw Survey No. 241;

"Thence N 178.7 feet to the NW corner of this tract;

"Thence with fence south 85 deg. 5' E 460.2 feet;

"Thence South 85 deg. 5' E. 598.7 feet to the NE corner of this tract, corner in the road, 517 feet W of J. M. Dickson's SW corner;

"Thence So. 88 feet to the place of beginning."

The "John Loyd 25 acre tract" referred to was deeded to John Loyd about November 26, 1910, its northeast and northwest corners and north boundary line being described in the deed as follows: "Beginning at the NW corner of Mrs. Sallie Hughey's land. Thence W 15.81 chains to corner a stake from which a sweet gum 14 inches in diameter bears North 70 deg. W 8 links."

Upon a jury trial a special verdict was returned as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the NW corner of the Sallie Hughey tract as located on the ground in the year 1910, and as called for in the John Loyd deed was located at a point 88 feet south of the present barb-wire fence corner, as now located upon the ground, or just west of the present barb-wire fence corner of the Hughey tract as now located upon the ground? Answer, 'At a point 88 feet south of the present fence corner,' or 'West of the present fence corner.'

"Answer: 88 feet south of the present fence corner.

"Special Issue No. 2. Do you find from a preponderance of the evidence that the NW corner of the John Loyd tract as it was laid out by the original surveyor was located at a point in the line running west from the old post oak tree which stood in the east line of the Hughey tract and has now fallen, and is lying on the ground, and as marked by a sweet gum reference tree which stood there at the time and has now fallen, or, was located near the old well at the syrup mill, referenced by the sweet gum stump located near said corner? Answer, 'At the corner west of the post oak' or 'Near the corner of the present fence.'

"Answer: At the corner west of the post oak tree."

Upon this verdict the court gave judgment for the plaintiffs from which this appeal is prosecuted.

The judgment was rendered upon the theory, evidently, that the land in suit having been determined by the verdict of the jury to be without the bounds of the John Loyd 25-acre tract, plaintiffs were shown, conclusively by the undisputed evidence, to have title by ten years' limitation. We incline to the view that if the land is not included in the 25-acre tract, the court was warranted in regarding the evidence as conclusive in favor of the plaintiffs on the issue of limitation.

It appears that plaintiffs contended that the beginning call of the John Loyd 25-acre tract, namely, "the northwest corner of Mrs. Sallie Hughey's land," as located on the ground in 1910, was at a point 88 feet south of the present barb-wire fence corner now located on the ground; while on the other hand, defendants contended it was located just west of the present barb wire fence corner of the Hughey tract now located upon the ground. As to the northwest corner of the 25-acre tract, it further appears that plaintiffs contended it "was located at a point in the line running west from the old post oak tree which stood in the east line of the Hughey tract" and at the time of the trial had fallen and was lying on the ground and as marked by a sweet gum reference tree which stood there at the time and had at the time of trial fallen; while the defendants contended that said corner was located near an old well, at the syrup mill, referenced by a sweet gum stump located near said corner.

■ The jury was, in effect, directed that if they found *from a preponderance of the evidence* that the beginning corner was as contended by the plaintiffs to say by their verdict that it was "at a point 88 feet south of the present fence corner," but if, as contended by the defendants, to say that it was "west of the present fence corner." Similarly, as to the northwest corner, if it was found to be located as contended by plaintiffs to say "at the corner west of the post oak," but if as contended by the defendants to say "near the corner of the present fence." Under the terms of the issues so submitted, the jury was not authorized to find the location of the beginning corner, or of the northwest corner, of the 25-acre tract in accordance with the contentions of the defendants, unless upon a preponderance of the evidence. The burden of proof was thus placed upon the defendants to show that the corners were as contended by them. The law imposed upon the plaintiffs the burden of proof to show by a preponderance of the evidence that said corners were as contended by plaintiffs. If the corners were located as plaintiffs sought to show, then they were not located as defendants contended, and vice versa. Incidently, therefore, the issues in the form submitted imposed upon the defendants, as a condition upon which they might obtain a favorable verdict, the burden to prove by a preponderance of the evidence that the corners were not as contended by the plaintiffs. Let us suppose the jury had found the evidence of equal weight supporting the contentions of the plaintiffs and the defendants. How would they have answered the issues so that the verdict would have been based upon a preponderance of the evidence? It is clear that no such answers could be made.

■ All the evidence tending to show that the corners were located at the points where defendants contended they should be was in rebuttal of the evidence tending to show their location at the points where plaintiff sought to show that they were located. Although the first-named character of evidence be admitted under no other pleadings than a general denial, it has been repeatedly held upon similar situations that where the evidence tends to establish a fact or facts constituting a complete defense, the defendant in a case submitted on special issues has the right to have submitted an issue or issues calling for a finding of such fact or facts. Such issues are required to be so stated as to place the burden of proof upon the plaintiffs to establish the negative. Thurman v. Chandler, 125 Tex. 34, 81 S.W.(2d) 489; Rosenthal Dry Goods Co. v. Hillebrandt (Tex.Com.App.) 7 S.W.(2d) 521; Terrell Wells Health Resort, Inc., v. Severeid (Tex.Civ.App.) 95 S.W.(2d) 526, 528; Texas Emp. Ins. Ass'n v. White (Tex.Civ.App.) 68 S. W.(2d) 511, 512; Liberty Mut. Ins. Co. v. Boggs (Tex.Civ.App.) 66 S.W.(2d) 787, 793; U. S. F. & G. Co. v. Lindsey (Tex. Civ.App.) 66 S.W.(2d) 419; Kansas City M. & O. Ry. Co. v. Foster (Tex.Civ.App.) 54 S.W.(2d) 270, 273; Stedman Fruit Co. v. Smith (Tex.Civ.App.) 45 S.W.(2d) 804; El Paso Elec. Co. v. Portillo (Tex.Civ. App.) 37 S.W.(2d) 219; Dallas Ry. & Terminal Co. v. Darden (Tex.Civ.App.) 23 S.W.(2d) 739; Texas Elec. Ry. v. Scott (Tex.Civ.App.) 21 S.W.(2d) 24. This fault in the issues was duly pointed out by timely objection and the submission of the issues misplacing the burden of proof was clearly error under the authorities cited.

■ According to the same authorities, each of the special issues submitted embraced the subject-matter of two different issues. They, therefore, violated the rule requiring that special issues be submitted "distinctly and separately" R.S.1925, art. 2189. Proper objection was also made pointing out this fault, and for both reasons it seems clear the judgment must be reversed.

Since the conclusions above expressed determine the disposition of the case, in this court, it is deemed unnecessary to discuss specifically, or at length, questions raised under other assignments of error. It may be well to call attention to a few general rules or principles suggested by the assignments of error which may be important in further proceedings in the case. One error of a fundamental nature is called to our attention by the assignments of error, which should be noticed.

Disregarding issues which were abandoned, there were but two issues in the case. First, the location on the ground of the north boundary line of the John Loyd 25-acre tract of land. Second, did plaintiffs have title to the land in suit by ten years' limitation. The materiality of

the latter was wholly dependent upon how the former should be determined.

The issues should be submitted in such form that when judgment is rendered, conformable to the verdict, it will clearly appear that the judgment also conforms to the pleadings. R.S.1925, art. 2211, as amended by Acts 1931, c. 77, § 1 (Vernon's Ann.Civ.St. art. 2211). This rule was violated in this case. Aside from the fact that the single issue of the location of the disputed boundary line was submitted as two issues calling for the locations of two corners, upon the presumption that a straight line connecting them would be the boundary line in issue, the jury's verdict upon the two issues as submitted would not enable the judgment, if conforming to the verdict, to show, in case of recovery by the plaintiffs, that the land recovered was the same as that described in plaintiffs' petition. In a boundary suit, whether in form an action in trespass to try title, or not, the disputed line must be described with reference to objects about the location of which there can be no controversy; otherwise the suit will not be effective to settle the controversy. Roche v. Lovell, 74 Tex. 191, 11 S.W. 1079; Converse v. Langshaw, 81 Tex. 275, 16 S.W. 1031; Stephens v. Motl, 81 Tex. 115, 16 S.W. 731; Southern Pine Lumber Co. v. Whiteman (Tex.Civ. App.) 104 S.W.(2d) 635; Jones v. Andrews, 72 Tex. 5, 9 S.W. 170; Wilhelm v. Bauman, 63 Tex.Civ.App. 146, 133 S.W. 292; Whitmore v. McNally (Tex.Civ. App.) 39 S.W.(2d) 633, 635; Reed v. Cavett, 1 Tex.Civ.App. 154, 20 S.W. 837; Carter v. Webb (Tex.Civ.App.) 239 S.W. 630; Provident Nat. Bank v. Webb, 60 Tex.Civ.App. 321, 128 S.W. 426.

If the pleadings in this case allege the location of the disputed north boundary line of the 25-acre tract with reference to any objects as to which there was no ground for controversy, it was that such beginning or northeast corner was "in public road 1258.8 varas W of the NE corner of the square L. B. Outlaw Survey No. 243, as witnessed by P. O. tree bearing S 5 deg. W 6 varas." The verdict, however, only found said corner to be "at a point 88 feet south of the present barbwire fence corner as now located upon the ground." The verdict, therefore, located the corner wholly without reference to the pleadings. If the judgment conformed to the verdict, which it does not, there would be no apparent conformity to the pleadings. With the exception of calls for corners and lines which would certainly have failed to locate the northwest corner of the 25-acre tract any more definitely or certainly than it was located without any suit, the petition alleged its location at "251.4 varas west of the southwest corner of McCurry Survey." But the verdict located it only "at a point in the line running west from the old P. O. tree which stood in the east line of the Hughey tract, and has now fallen, and is lying on the ground, and as marked by a sweet gum reference tree which stood there at the time and has fallen." Quite obviously a judgment conforming to this part of the verdict would have no appearance of conformity to the pleadings. Of such a judgment it would be true as said in Whitmore v. McNally, supra, "The judgment nowhere fixes the line upon the ground by any object, corner, or monument set out in the pleadings. A judgment in a boundary case should follow the pleadings and *must conform to the* verdict." (Italics ours.)

A number of assignments of error deal with alleged improper argument of counsel. The law books are so full of discussions concerning improper argument of counsel that we deem it inadvisable to say more on the subject with specific reference to the assignments of error in this case. Counsel should be fully aware of the great hazard to judgments which improper argument presents. Some of the criticisms made of the arguments in this case present rather close questions which no doubt may be avoided in subsequent proceedings.

It is our conclusion that the judgment should be reversed and the cause remanded. It is accordingly so ordered.