## J. A. Kerr et al. v. W. L. Blair.

Decided November 6, 1907.

**1.—Breach of Contract—Necessary Expenses—Pleading.**

In a suit for damages for breach of contract to thresh a crop of rice, an allegation that certain expenses paid by plaintiff were the charges and prices which obtained in the vicinity of said rice crop at the time of the breach of the contract, was equivalent to an allegation that said expenses were reasonable and necessary.

**2.—Market Value—Pleading.**

In a suit for damages for breach of contract, an allegation that certain rice lost to plaintiff by reason of said breach was reasonably worth $4 per sack, meant that said price was its reasonable value when threshed as defendants had contracted to do, and was a sufficient allegation of market value. Market value is simply evidence of the damages, and need not be alleged.

### 3.—Breach of Contract—Market Value

In a suit for damages for breach of contract to thresh a crop of rice, evidence of the market value of the rice at a place six or seven miles distant from the place where the contract was to be performed, was sufficient to afford a basis for estimating the damages.

### 4.—Pleading—Time—Immaterial Variance.

Under an allegation that a contract was entered into "on or about September, 1905," proof that said contract was made in October following, would not be fatally variant.

### 5.—Contract in Writing—Parol Testimony.

The admission of parol testimony as to the contents of a rental contract shown to be in writing, was harmless error when other evidence to the same effect was admitted without objection, and the relation of landlord and tenant was undisputed.

### 6.—Loss of Crop—Measure of Damage—Charge—Harmless Error.

When a charge upon the measure of damage for the loss of a crop is more favorable to appellant than it should have been, the appellant can not complain.

### 7.—Charge—Preponderance of Evidence.

A charge which simply instructs the jury to determine the issues from the preponderance of the evidence, does not place the burden of proof on either party.

Appeal from the District Court of Matagorda County. Tried below before Hon. Wells Thompson.

*Gaines & Corbett,* for appellants.—The defendants having endeavored by the use of the special exception to ascertain when and by whom the false and fraudulent representations charged were made, the court should have compelled the plaintiff to replead and show these facts, as they were peculiarly within the knowledge of the plaintiff. Carson v. Houssels, 51 S. W. Rep., 291; Weekes v. Sunset Brick & Tile Co., 56 S. W. Rep., 247.

The exception should have been sustained because plaintiff's petition nowhere alleges the value of the rice destroyed, but simply asserts that it would have been worth a certain sum, less certain expenses, and then alleges "that the expenses above set forth, and the charges above made are the prices which obtained in the vicinity of said rice crop during the years 1905 and 1906." Gulf, C. & S. F. Ry. Co. v. Carter, 25 S. W. Rep., 1023; Sabine & E. T. Ry. Co. v. Joachimi, 58 Texas, 460; Trinity & S. Ry. v. Schofield, 72 Texas, 496; Texas & P. Ry. v. Williams, 1 Texas App. Civ., 98; Ft. Worth & D. C. Ry. v. Scott, 2 Texas App. Civ., 137; Green v. Taylor, 79 Texas, 607.

Market value of a product threshed and hauled six miles to market town is not competent to show value of same in shock on farm six miles from market town, particularly when there is no pleading upon which to predicate such testimony. Sabine & E. T. Ry. v. Smith, 73 Texas, 1; Galveston, H. & S. A. Ry. v. Parr, 8 Texas Civ. App., 284; Trinity & Sabine Ry. v. Schofield, 72 Texas, 496.

*J. W. Conger* and *W. S. Holman,* for appellee.

JAMES, CHIEF JUSTICE.—W. L. Blair alleged that on or about the month of September, 1905, Kerr Bros. agreed with him to thresh plaintiff's entire crop of rice, which consisted of 200 acres, for the consideration of thirty cents per sack for each sack of rice which belonged to plaintiff, and fifteen cents for each sack that belonged to defendants; that defendants were the landlords of plaintiff, and entitled to half of the crop on the premises for the year 1905.

That defendants began threshing the crop on or about October 14, 1905. and after threshing that part which was planted in Honduras rice, and after threshing 482 sacks of Japan rice, they moved their outfit away and began threshing elsewhere in the neighborhood, leaving the threshing of the crop planted in Japan rice unfinished. That plaintiff protested against this, but defendants paid no attention to him, and negligently permitted the Japan rice to be destroyed by ducks, birds, cattle and bad weather. And plaintiff, realizing this damage, "had the opportunity to, and partially contracted for another threshing outfit to thresh same, but defendants, learning the fact that plaintiff was about to procure another outfit by false and fraudulent representations, induced plaintiff not to contract with any other rice threshing outfit, but assured plaintiff that they would at once go into the field of plaintiff and finish threshing his rice according to their contract," but notwithstanding, they ceased threshing the crop of plaintiff and threshed the entire crop of Kerr Bros. and of others in the vicinity, and allowed his to remain unthreshed and become destroyed.

That had defendants performed their contract "plaintiff would have received 2,200 sacks of rice on the whole of said rice crop which was unthreshed, and that one-half of said 2,200 sacks would have been the share of plaintiff, which share would have amounted to 1,100 sacks of rice, 162 pounds each; but instead of receiving 2,200 sacks of rice plaintiff only received 948 sacks of the entire remaining part of his Japan rice, 478 sacks of which was the property of plaintiff. Therefore plaintiff lost 628 sacks of rice by the negligence, carelessness and wantonness of defendants in not complying with their contract. Plaintiff avers that said 628 sacks of rice of 162 pounds to each sack would have been reasonably worth the sum of $4 per sack, or the sum of $2,512, and that the expense in threshing said 628 sacks would have amounted to the sum of $282.60, and that the expense of sacking said rice would have amounted to the sum of $62.80, and that the expense of hauling said rice would have amounted to the sum of $62.80, and after deducting said expense from the entire amount plaintiff's net damage would have amounted to the sum of $2,103.80." Plaintiff alleged also: "That the expenses above set forth, and the charges made, are the prices which obtained in the vicinity of said rice crop during the years 1905 and 1906."

We have quoted from the petition in order that we may be able to consider the many exceptions to the petition. It is not deemed necessary to state here the pleadings of the defendants. There was a verdict for plaintiff for $500.

The first assignment of error complains of the overruling of a general demurrer to the petition. The points made in the brief are not such as would be reached by a general demurrer, but as there was a

special demurrer, raising practically the same objections, we will consider together the first and the sixth assignments.

It would clearly have been useless and unnecessary for the petition to allege how many of the 200 acres were planted in Honduras and how many in Japan rice. Another ground of exception is "that the petition, failing to allege any value of the rice destroyed at the time and place of its destruction, or any facts from which to deduce said value with any definiteness or accuracy, one of the necessary elements of the cause of action is not stated." Another ground is that the petition fails to allege that the amounts charged for threshing, sacking and hauling were either necessary or reasonable.

We dispose of this last ground by referring to the fact that the petition alleges: "That the expenses above set forth, and the charges made, are the prices which obtained in the vicinity of said rice crop during the years 1905 and 1906." If they were the prices that obtained, it was not necessary to allege that they were necessary or reasonable. As to the other ground, it is contended by appellant that the allegation just quoted had no reference to the value of the rice itself, and, therefore, the following special exception to the petition should have been sustained, viz.: That the petition nowhere shows "what the rice was worth at the time of its destruction and because there is no market value shown, nor no proper predicate laid for the establishment of a market value."

The allegation was that the rice which defendant left unthreshed would have been reasonably worth $4 per sack. This meant that this was its reasonable value when threshed, as defendants had contracted to do. In our opinion it was not necessary for plaintiff to plead the means or the evidence by which he was to establish that such was its value. Evidence that this was its market value in that vicinity would substantiate the allegation. The substance of the petition is that plaintiff had, by the breach of the contract, been damaged in the sum of $4 per sack for 628 sacks, less sums named as the expense of threshing, sacking and hauling. It is not necessary to go further than this. Market values are simply evidence of the damages and need not be alleged. City of San Antonio v. Pizzini, 58 S. W. Rep., 635. We overrule the first and sixth assignments.

The second and fourth assignments allege matters which seem to us to merit no discussion. The assignments are overruled.

The third assignment refers to an exception to the allegation "that defendants learning of the fact that plaintiff was about to procure another outfit by false and fraudulent representations induced plaintiff not to contract with any other rice threshing outfit, but assured plaintiff," etc., upon the ground that the same does not show where such representations were made, or by whom. This particular reason for objection has no merit. The time would appear to have been indicated, and the persons were clearly stated to have been the defendants.

We overrule the fifth assignment of error. The portion of the petition excepted to stated facts, and not conclusions.

The seventh is based mainly upon the mistaken idea that the

allegation "that the 628 sacks would have been reasonably worth the sum of $4 per sack or the sum of $2512" was an allegation of value at a future and uncertain time. The evident meaning of the pleader was that such would have been its value as it was if threshed. Texas & Pac. Ry. v. Bayliss, 62 Texas, 573.

The ninth assignment is that the court erred in refusing to instruct the jury after plaintiff had rested his case, to return a verdict for the defendants, upon the motion made by defendants. Appellee insists that this action of the court can not be assigned as error, and that we should strike out the assignment. He claims that by such a motion the defendants only call for the opinion of the court on the legal sufficiency of the plaintiff's evidence; that defendants had the right of election between a demurrer to the evidence and a motion for a peremptory instruction, and employing the latter, he retained the right to proceed to develop his case, and by so electing he waived any error that may have been committed in overruling his motion; and that a defendant can not retain under his motion the privilege of proceeding with the trial and at the same time retain the right to a bill of exceptions to the ruling of the court, as he would have under a demurrer to the evidence. We shall not have to pass upon this question if the ruling of the court is not shown to have been wrong. The condition of the evidence, as stated in appellant's brief, in connection with the motion is as follows:

"See plaintiff's petition: 'On or about the month of September, 1905, plaintiff made and entered into a contract with defendants, Kerr Bros., J. A. Kerr and Andrew Kerr, by which it was agreed that defendants would thresh the entire rice crop of plaintiff, which consisted of 200 acres of land on property owned by said Kerr Bros., in Matagorda County, Texas.'

"See testimony of W. L. Blair: Q. 'There is no controversy about the Honduras rice? No, sir. Q. But the Japan rice, you say that they moved into your Japan rice a day before they contracted to go in there I believe? Answer, I think so. They contracted to go into the rice crop on the 30th day of October and moved in on the 29th—it was one day sooner than they were to get in. I could not fix the day positive.'

"As to value—There is no evidence in the record showing the value of the rice as it stood in the shock; only value shown is in Bay City, seven miles distant."

The above statement from the pleading and evidence is all that is furnished us by appellants' brief, and upon this statement they must stand to sustain their propositions, which are as follows:

1st. "No breach of the contract having been shown by plaintiff's testimony, and a substantial compliance therewith having been proved by plaintiff's own evidence, the instruction should have been given." It can not be seriously contended that the above testimony is a sufficient statement to enable us to decide that the proof was that defendants complied with the contract.

2d. "The measure of damages was the value of the rice as it stood in the shock at the time and place of its alleged destruction, if it had any market value, or if it had no market value, then its

actual value as it stood in the field, and the only value shown by plaintiff's testimony being the value of rice at Bay City, Texas, six or seven miles distant, the instruction should have been given."

The above testimony would show that the rice was in the shock to be threshed by defendants, and if they failed to thresh it, as they contracted to do, plaintiff's damages would be measured by reference to its market value as threshed, at that place or at the nearest place where it had a market. If the evidence showed it had a market value at Bay City, a few miles distant (and the statement of appellant is that this was the only evidence concerning value), it was sufficient to afford a basis for estimating the damages.

3d. "The agreement between plaintiff and defendants, as proven by plaintiff, being wholly different from the contract alleged, a fatal variance was shown and plaintiff was not entitled to recover." This claim of a fatal variance, according to the above statement, is based upon the allegation that the contract was entered into "on or about the month of September, 1905." It would not follow that because defendants went into the rice crop on October 30, one day before they contracted to do, that the contract was made and entered into then. Besides, the allegation "on or about September, 1905," would not be fatally variant from proof that the contract was entered into in October.

We conclude that this assignment can not be sustained. We can not say from the propositions advanced, when they are tested by the statement which appellants advance from the evidence, that there was error shown in the overruling of the motion for a peremptory instruction.

The tenth assignment is multifarious and not entitled to consideration. The eleventh is overruled, as the bill of exceptions in the stenographer's notes fails to show the ground of objection to the testimony complained of.

The twelfth complains of the court's permitting plaintiff "to testify as to a rental contract existing between him and the defendants, and through which he acquired whatever right was owned by him in the rice grown, it having been shown by such witness that the contract was in writing, duly signed by both parties, and it not having been lost or mislaid, and no notice having been given of the proof of same by secondary evidence." In order for this assignment to be availing, appellants should have shown in their brief how such testimony was prejudicial. As we understand the evidence, it appeared without dispute that plaintiff was a tenant of defendants and entitled to one half of the crop.

We overrule the thirteenth assignment.

We overrule the fourteenth assignment. Our opinion is that plaintiff was, under his pleading, entitled to prove the value of the rice destroyed by reference to the nearest market for rice. The damage alleged was in respect to Japan rice, and the evidence of value at Bay City was concerning Japan rice.

The fifteenth assignment is multifarious and is not entitled to be considered.

The sixteenth is overruled, as the paragraph of the charge com-

plained of was authorized by evidence. Further, it would not have been proper for the court to instruct the jury that defendants were only obligated to exercise ordinary care to perform their contract.

The seventeenth complains of the following instruction: "If you should find for the plaintiff, then the measure of plaintiff's damage would be the value of rice injured and destroyed as it stood in the field, less the cost of preparing the land, the cultivation and cutting and shocking the same." This charge did not state the proper rule for arriving at the damages. Plaintiff was entitled to the value of the rice as it stood, such value to be arrived at in a proper manner. But the charge was favorable to defendants, in that it directed an allowance of less than the value of the rice as it stood. No instructions were requested on the measure of damages, and it is believed that defendants are not entitled to a reversal for a charge which states the real basis of recovery in a general manner, and the only error is a qualification which was favorable to appellants. There was evidence before the jury from which they could arrive at the value of the rice as it stood in the field. When they found this, they would, if they followed the instruction, have rendered a verdict for less than that value.

The eighteenth assignment complains of the following instruction: "But if you believe from the preponderance of the evidence that there was no contract of threshing between the plaintiff and defendant, made as alleged in the petition, or that if plaintiff's alleged damage was caused by the plaintiff's neglect and inattention to his crop, or that it was not properly cut and bound and shocked, and the water was not sufficiently drained off the land, but stood around the shocks and rotted the butts of the straw so that it could not be threshed, or that the condition of the weather was such that it could not be threshed, and that any damage that occurred was not caused by the direct conduct and neglect of the defendants, then in such event you will find a verdict for the defendants."

The objections to this charge are: 1st. That it directs that the evidence must preponderate in favor of the defendants. 2. That the jury must not only find that there was no such contract as claimed by plaintiff, or that any of the other defenses set up in the charge actually existed, but that they should also find that the damages were not caused by the direct conduct and neglect of defendants, before they could find for defendants.

The first of these objections is not sustained. A charge does not place the burden of proof upon either party, where it simply instructs the jury to determine issues from the preponderance of the evidence. El Paso Elec. Ry. v. Alderete, 36 Texas Civ. App., 145. As to the second objection, we think the charge stated correctly the law, and was not necessarily misleading. In fact it is difficult to conceive how any body of intelligent men, if they found any of the several conditions mentioned in the first portion of the charge to exist could find that the loss of the rice was attributable to the defendant. However, we think it has in effect been held that the charge is not one that requires a reversal of the judgment. Texas & Pac. Ry. v. Brown, 78 Texas, 402.

The nineteenth is overruled. No request was made for a charge in connection with the subject matter of this assignment. The same may be said concerning the twentieth.

The twenty-first is that the verdict is unsupported by evidence. In view of testimony we find in the record, and in view of the verdict, our conclusions of fact are as follows: A contract for threshing was made substantially as alleged, which contract was violated by defendants, and that plaintiff suffered thereby a loss of rice amounting in value to the sum fixed by the verdict. The judgment is affirmed.

*Affirmed.*

Writ of error refused.