**UNITED STATES TORPEDO CO. v. HUFF et al.**

**No. 3581.**

Court of Civil Appeals of Texas. Amarillo.
April 1, 1931.

Rehearing Denied May 13, 1931.

Collins & Houston, of Dallas, and Ben W. Tipton, of Electra, for appellant.

Bunnenberg & Nelson, of Wichita Falls, for appellees.

**JACKSON, J.**

The plaintiffs, Minnie Huff and her husband, instituted this suit in the district court of Wichita county, Tex., against the defendant, United States Torpedo Company, a corporation, to recover damages for injuries sustained by Mrs. Huff on account of the alleged negligence of the defendant in causing a collision between the automobile of plaintiffs and the automobile of the defendant.

The plaintiffs alleged that the defendant, through its agent, was negligent in operating its automobile at an excessive rate of speed; in failing to keep a lookout; in failing to stop; in failing to have the automobile under control; in failing to use a different part of the highway in negotiating the crossroads and in attempting to pass in front of the automobile of the plaintiffs. That, as a proximate result of defendant's said negligence, a collision occurred between the automobile of plaintiffs and the automobile of the defendant, resulting in personal injuries to the plaintiff Minnie Huff to plaintiffs' damages in the sum of $10,000, and to their automobile in the sum of $72.

The defendant answered by general demurrer, numerous special exceptions, general denial, and alleged that the plaintiffs were guilty of contributory negligence in operating their automobile on a public highway at a rate of speed in excess of 45 miles per hour; in failing to keep a lookout; in driving upon the wrong side of the highway; in failing to sound a warning; in failing to steer to the right after discovering that a collision was imminent and in operating their machine with defective brakes.

On the answer of the jury to special issues submitted by the court, which, for the purposes of this appeal it is unnecessary to set out, judgment was rendered in favor of plaintiffs and against the defendant for the sum of $2,822, with interest thereon at the rate of 6 per cent. per annum from the date thereof, from which judgment this appeal is prosecuted.

The appellant, by proper assignment, attacks as erroneous special issue No. 1, as submitted in the court's main charge, which issue, in substance, is whether the accident in question was avoidable, because, under the

pleading and evidence, the appellant was entitled to have the issue of unavoidable accident affirmatively submitted so as to place on appellees the burden of proving that the collision in controversy was not the result of an unavoidable accident.

The court, after defining a number of other legal terms, advised the jury in his main charge that "avoidable accident is an accident which occurs as a result of the negligence of either or both of the parties involved in such accident," which is immediately followed by special issue No. 1, reading: "Do you find from a preponderance of the evidence that the accident in question was avoidable?"

The appellant objected and excepted to the above special issue, the form thereof, and the definition given in connection therewith, because it failed to place the burden of proof on the plaintiffs to show that the collision was not the result of an unavoidable accident, but, as submitted, was no more than a submission of a general issue of negligence.

"A charge does not place the burden of proof upon either party, where it simply instructs the jury to determine issues from the preponderance of the evidence." Kerr v. Blair, 47 Tex. Civ. App. 406, 105 S. W. 548, 552. Writ refused.

In Moore v. Orgain (Tex. Civ. App.) 291 S. W. 583, the only issue submitted to the jury was in the following language: "Do you find from a preponderance of the evidence that the paper upon which the defendant, Orgain, signed his name was attached to or a part of the contract to which it is now attached, at the time he signed his name? Answer yes or no." This issue was objected to because it improperly placed upon the appellant the burden of proof. The Court of Civil Appeals at El Paso, citing numerous authorities, among which is Kerr v. Blair, supra, states: "We do not regard it," referring to the issue, "as imposing the burden of proof upon either party." Writ of error refused.

In Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Civ. App.) 299 S. W. 665, 667, the trial court submitted the issue of unavoidable accident in the following language: "Do you find from a preponderance of the evidence in this case that the collision of two vehicles in this case was the result of an unavoidable accident?" This issue was answered in the negative. The Court of Civil Appeals of Beaumont held: "This charge was error, in that it put the burden of proof upon appellant. The burden to show that the accident was caused by appellant's negligence, and not as a result of an unavoidable accident, rested upon appellee."

In the same case, reported in 7 S.W.(2d) 521, 523, the Commission of Appeals, in an opinion approved by the Supreme Court, says:

"The Court of Civil Appeals held that this charge was error, in that it put the burden of proof upon appellant, citing Railway Co. v. Washington, 94 Tex. 510, 63 S. W. 534, but further held that the error was not reversible because the issue was not in the case. Our examination of the evidence convinces us that the issue was raised and, moreover, having been actually submitted without objections by either party, neither party can raise the question there is no evidence to authorize the submission. G. T. & W. R. v. Dickey, 108 Tex. 126, 187 S. W. 184; Gonzales v. Flores (Tex. Civ. App.) 200 S. W. 851; Texas, etc., Co. v. Barton (Tex. Civ. App.) 213 S. W. 689.

"We agree with the conclusion of the Court of Civil Appeals that the charge was erroneous in form and subject to the objections timely made by the defendant below. It was indispensable to the plaintiff's case, and the burden was upon her to that extent, to prove that her injuries resulted from the alleged negligence of the defendant. It was not necessary that the defendant plead specially that the injuries were the result of an unavoidable accident. This was put in issue by the general denial and imposed upon the plaintiff the necessity of proving that the happening was not an unavoidable accident. This necessarily was a part of her case. While this requires the proving of a negative, nevertheless it is in keeping with sound reasoning."

The issue objected to in the instant case reads: "Do you find from a preponderance of the evidence that the accident in question was avoidable?"

 It is immaterial to a disposition of this appeal whether a charge which "instructs the jury to determine issues from the preponderance of the evidence" "does not place the burden of proof upon either party," as announced in Kerr v. Blair and Moore v. Orgain, supra, or whether an issue so worded "put the burden of proof upon appellant," as is held in Rosenthal Dry Goods Co. v. Hillebrandt, supra, by the Court of Civil Appeals and the Supreme Court, because the burden in this case was upon appellees to show that the collision was not the "result of an unavoidable accident" and a failure to place the burden on either party was a failure to place the burden on appellees and was erroneous, and, if the issue so worded placed the burden on appellant, it was likewise erroneous because the issue of unavoidable accident was raised by the general denial "and imposed upon the plaintiff the necessity of proving that the happening was not an unavoidable accident. This necessarily was a part of her case," and the burden was upon appellees to so show.

The court nowhere in his charge instructed the jury on the burden of proof, but only directed them to find from a preponderance of the evidence. No contention is made that the evidence in the case failed to raise the issue of unavoidable accident.

In addition to the objection and exception to the issue as submitted, the appellant prepared and tendered to the court an issue intended to correct the issue as submitted by the court, but the issue so tendered was refused.

For additional authorities, see Gammage v. Gamer Co. (Tex. Com. App.) 213 S. W. 930; Humble Pipe Line Co. v. Kincaid et al. (Tex. Civ. App.) 19 S.W.(2d) 148; Montrief & Montrief v. Bragg et al. (Tex. Civ. App.) 2 S.W. (2d) 276.

The judgment is reversed, and the cause remanded.