## CENTRAL STATES POWER & LIGHT CORPORATION v. BROWN.

### No. 3558.

Court of Civil Appeals of Texas. Amarillo.

May 13, 1931.

Cook, Smith & Teed, of Pampa, for appellant.

S. D. Stennis and W. M. Lewright, both of Pampa, for appellee.

HALL, C. J.

The appellee Brown filed this suit to recover of appellant damages resulting from personal injuries, alleging that about June 7, 1928, he was occupying certain premises situated on the highway between Pampa and Bowers City, 4½ miles south of the town of Pampa. That appellant had a gas pipe line running along the east side of said highway, through which gas was furnished from the Bowers Gas Field to the town of Pampa. That the pipe constituting the line was buried beneath the surface. That on the afternoon of said day, when he returned from Pampa in his automobile he found that the pipe line had been dug out of the ground by appellant and moved up on the extreme side of the highway over and onto the premises occupied by appellee and across an entrance way which appellee was compelled to use in going from the highway to his premises. That appellee, in endeavoring to enter his yard, was not able to drive his automobile over the pipe, due to the fact that the pipe was moved by the weight of the automobile. That endeavoring to cross the pipe, appellee had his son hold a board stuck in the ground against the pipe while another son attempted to drive the automobile and while appellee was pulling on the front end of same. That the pipe line parted when struck by the automobile, and, due to the extreme gas pressure therein, one end struck appellee upon the ankle, causing him to suffer a broken ankle and other specific injuries. He alleges that the appellant was negligent: (1) In placing the line of pipe upon the aforesaid crossing without burying it beneath the surface; (2) in constructing the pipe line with old, secondhand, rotten pipe, incapable of sustaining the pressure then and there being used by appellant; and (3) in failing to construct a proper passage for appellee to use in gaining access to his residence.

In answer the appellant alleged that it had a right of way across the premises occupied by appellee and over which its line of pipe was lying; that the county authorities were widening the state highway, and that appellant had dug up and moved the pipe to where it was to accommodate the county; that the line had to be moved 500 feet at a time to avoid disconnecting the pipe and thereby cutting off the gas supply to the city of Pampa; that the particular section of 500 feet in front of appellee's residence had been dug up and moved late in the day not leaving time to bury it beneath the surface. That by virtue of its right of way, its rights were superior to those of appellee; that the pipe line was in good condition; that there were other roads available to appellee for the purpose of entering his premises; that appellee had attempted to pry the pipe line back into the borrow pit along the highway and was guilty of contributory negligence in so doing and in not using other roads to reach his premises; in attempting to move the pipe line by means of a pole or post when the weight of it was such that it required twenty or thirty men to place it in position; in attempting to use sufficient force to move it when he knew it would result in the dresser couplings giving way.

A trial to a jury resulted in a verdict and judgment against appellant in the sum of $2,400.

The court submitted issues to the jury upon each of the alleged grounds of negligence. The jury answered these issues in the affirmative, and that such negligence was the proximate cause of the appellee's injuries. In response to issues submitting the alleged grounds of contributory negligence, the jury found against the appellant.

The appellee objects to the consideration of appellant's propositions numbered 6 to 14, inclusive, upon the grounds that they are multifarious, duplicitous, and are not distinct specifications of error.

Since the amendment of Revised Statutes, articles 1757 and 1846, liberalizing the rules with reference to the preparation of briefs, we are not inclined to sustain the objections until the Supreme Court has formulated new rules based upon these amendments.

Appellee further contends that, because appellant failed to move for an instructed verdict and failed to object to any of the issues that were submitted, it is precluded from contending in this court either that there is no evidence to support certain issues or that the evidence is insufficient to support certain other issues.

In Electric Express & Baggage Co. v. Ablon, 110 Tex. 235, 218 S. W. 1030, it is held that a failure to object to a special issue does not prevent the complaining party from insisting that the evidence is insufficient to support the issue where the evidence is conflicting. Perkins v. Lightfoot (Tex. Civ. App.) 10 S.W.(2d) 1030; Navar v. First National Bank of Breckenridge (Tex. Civ. App.) 254 S. W. 126.

R. S. art. 2190, expressly provides that: "A claim that the testimony was insufficient to warrant the submission of an issue may be complained of for the first time after verdict."

However, as we understand the rule, it is different with reference to assignments of error to the effect that there is no evidence to sustain the issue.

The Commission of Appeals in Rosenthal Dry Goods Co. v. Hillebrandt, 7 S.W.(2d) 521, 523, said: "Our examination of the evidence

894

convinces us that the issue [unavoidable accident] was raised and, moreover, having been actually submitted without objections by either party, neither party can raise the question there is no evidence to authorize the submission"—citing Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; Gonzales v. Flores (Tex. Civ. App.) 200 S. W. 851; Texas, etc., Ry. Co. v. Barton (Tex. Civ. App.) 213 S. W. 689.

We shall therefore consider such propositions as challenge the sufficiency of the evidence and disregard those which insist that there is no evidence to warrant the court in submitting the several issues complained of.

The appellant filed general demurrers, some of which are erroneously termed special exceptions, to the plaintiff's pleadings as a whole and to certain facts separately alleged therein. These demurrers were all overruled. The first four propositions challenge the correctness of the court's ruling. We have carefully considered the pleading and overrule the propositions. We think plaintiff states a cause of action good against the demurrers urged by appellant.

By the fifth proposition it is insisted that the court erred in refusing a new trial when it appears that the verdict against appellant is contrary to the undisputed evidence, in that the undisputed evidence shows that the injuries complained of by the appellee, and for which judgment was rendered, were caused by the acts of a third party and by the acts and conduct of appellee amounting to contributory negligence, etc. If the evidence against the verdict was undisputed, it follows that there is no evidence to sustain it, and the appellant, having failed to object to the submission of the issue in the trial court, brings itself within the rule announced in the Rosenthal Dry Goods Co. Case, supra.

By the sixth proposition it is contended that the answer of the jury to special issue No. 1 was contrary to the undisputed evidence in the case. For the reasons stated above, this proposition is not entitled to consideration.

By the seventh proposition it is insisted that the answer of the jury to special issue No. 2 "is contrary to the great preponderance of the undisputed evidence," which we construe to also mean that there was no evidence to sustain the jury's finding.

We find that all of the propositions, except the tenth, which attack the several findings of the jury, are to the effect that the findings are contrary to the undisputed evidence or to the great preponderance of the undisputed evidence. They must, therefore, be disregarded.

The tenth proposition is as follows: "It appearing that the answer of the jury to special issue No. Five wherein it found that the negligence of appellant in constructing its pipe line of old, second hand, rotten pipe, incapable of carrying the gas pressure then and there being used in the same by appellant was a proximate cause of the accident and injury sustained by appellee, was contrary to the great preponderance of the evidence, it was error for the trial court to refuse a new trial to appellant."

As we construe the proposition, the insistence here is that the evidence is insufficient to sustain that finding of the jury. While the testimony of the several witnesses is sharply conflicting with reference to the condition and age of the pipe, there is sufficient testimony to sustain the finding.

By the fourteenth and last proposition it is insisted that the verdict for $2,400 is grossly excessive and discloses that the jury was prompted by prejudice and improper influence in rendering it for that amount. If the testimony of the appellee and his witnesses with reference to the nature and extent of his injuries and suffering is to be believed, the verdict, in our opinion, is not excessive, and we do not feel warranted in setting it aside.

Finding no reversible error in the record, the judgment is affirmed.