## STEDMAN FRUIT CO. v. SMITH.
### No. 2171.

Court of Civil Appeals of Texas., Beaumont.
Dec. 24, 1931.

Rosenthal v. Hillebrandt (Tex. Civ. App.) 299 S. W. 668, affirmed on this point by the Commission of Appeals, 7 S.W.(2d) 521, condemns this issue as reversible error. See, also, Texas Electric Railway Co. v. Scott (Tex. Civ. App.) 21 S.W.(2d) 25; U. S. Torpedo Co. v. Huff (Tex. Civ. App.) 41 S.W.(2d) 297, and West Texas Trans. Co. v. Hash (Tex. Civ. App.) 43 S.W.(2d) 152. Appellee does not deny the force of these authorities, but would defend her charge by the following counter propositions:

■ (a) It is contended that the exceptions to the charge were not sufficient to direct the trial court's attention to this error. The exception was as follows: "The court erred in improperly putting the burden of proof upon the defendant in Special Issues Nos. 1, 2, 3, 16, 17 and 18, and the defendant now moves the court properly to instruct the jury as to the burden of proof in each of said issues."

The language of this exception directly advised the court that it was error to put the burden of this issue on appellant. But because the court gave the following definition of "burden of proof," appellee says the exception should have been more specific and pointed out wherein the burden of proof on issue No. 16 was error.

"By burden of proof is meant that the person upon whom such burden rests must prove the fact in issue by the preponderance of the evidence, that is, by the greater weight of the credible testimony introduced in the case."

We think this charge rather emphasized the error in this issue, in that appellant specially plead unavoidable accident as a defense. With this special plea before them, the jury were probably led to believe, under this charge, that appellant had assumed the burden of its proof. When raised by the evidence, the burden is always on the plaintiff to show by the preponderance of the evidence that his damages did not result from an unavoidable accident; and that this issue was pleaded by the defendant as a special defense does not change the rule. U. S. Torpedo Co. v. Huff, supra; Rosenthal Dry Goods Co. v. Hillebrandt, supra.

■ (b) It is insisted that the exception is multifarious. There is no rule striking down exceptions to the charge on this ground. A general exception should not be leveled at the charge as a whole, but exceptions must be specific, and direct the court's attention to the parts of the charge complained of. This question was before us in Ineeda Laundry v. Newton (Tex. Civ. App.) 33 S.W.(2d) 208. The appellant in that case so worded its exception on this point, that it applied to all of the charge, and sought to brief the exception so far only as it had application to five of the special issues. Overruling the exception we

D. A. Frank, of Dallas, for appellant.

Howth, Adams & Hart, of Beaumont, for appellee.

WALKER, J.

This is a companion case with Stedman Fruit Company v. Smith (Tex. Civ. App.) 28 S.W.(2d) 622, to which reference is made for a detailed statement of the facts of the accident resulting in the damages sued for.

■ By its first proposition, appellant asserts that the form of issue No. 16, submitting unavoidable accident, was error.

Issue No. 16. "Do you find, from a preponderance of the evidence that plaintiff's injuries (if any) were the result of an unavoidable accident, as that term has been heretofore defined to you?"

said: "In order to constitute error, it was necessary that appellant call the trial court's attention, by exception, to the particular questions deemed by it defective."

The exception before us falls reasonably within this rule. On this point, appellee says further that this exception was misleading and confusing because it was directed against issues Nos. 1, 2, 3, 16, 17, and 18, while only question No. 16 was error. We do not think so. All these issues were challenged. It was the duty of the trial court to test each issue by this exception and if, in his judgment, no error was pointed out, to overrule the exception; but if error was pointed out as to any one of the exceptions, to correct the error. We do not mean by this to say that the complaining party can thus challenge in one exception all the issues submitted to the jury. Such an exception might fall within the condemnation of the Newton Case. But where, as in this case, the complaining party excepts to certain issues upon a specific ground, it is not error to group them in one exception. This exception, as worded, was as potent to direct the court's attention to the error complained of as if a separate exception had been reserved to each of these specific issues. As supporting this argument, appellee cites Merchants' Ice Co. v. Scott & Dodson (Tex. Civ. App.) 186 S. W. 418; Hovey v. Sanders (Tex. Civ. App.) 174 S. W. 1025; Landrum v. Thomas (Tex. Civ. App.) 149 S. W. 813; Longworth v. Stevens (Tex. Civ. App.) 145 S. W. 259; Railway Co. v. Neff (Tex. Civ. App.) 26 S. W. 784; Yarborough v. Weaver, 6 Tex. Civ. App. 215, 25 S. W. 468. But these cases merely hold that instructions requested en masse should be refused by the trial court, if any one of them has been substantially given in the main charge, or if any one of those requested en masse should have been refused. She says the same rules should govern exceptions to the charge as govern the giving of special instructions; and where the exception groups several issues, as in this case, it should be overruled unless all the issues are alike subject to the exception. What we have said above overrules this contention.

■ (c) Appellee is in error in her counter proposition that a charge placing the burden of proof of this issue upon her would advise the jury of the legal effect of the answer thereto. Holding against this construction, in Federal Surety Co. v. Smith, 41 S.W.(2d) 210, 214, the Commission of Appeals said: "In view of the frequency with which we are called upon to determine the correctness of the form of special issues, we desire to suggest that the least objectionable method of procedure is for the trial court to propound the question to be submitted in the form, 'Do you find from the preponderance of the evidence that' (following with the question to be determined), so framing the question, upon each issue, as to place the burden of proof where it properly belongs."

■ (d) It was not necessary that appellant tender with its exceptions a correct charge or issue. The exception, specifically calling the court's attention to the error in the charge, was sufficient to save the point. Capitol Hotel Company v. Rittenberry (Tex. Civ. App.) 41 S.W.(2d) 697.

We overrule appellant's exceptions to the trial court's definitions of unavoidable accident and contributory negligence. These definitions were before us in Stedman Fruit Co. v. Smith, supra, and were expressly approved.

Special Issue No. 18 was as follows: "From the preponderance, what do you find to be the difference between the reasonable market value of plaintiff's automobile immediately before the collision and its reasonable market value immediately after the collision and before it was repaired (if there was any difference)?"

■ There is no merit in the exception that this question assumed that there was a difference in the market value of the car immediately before and immediately after the accident. Under all the evidence, the car was injured in the collision, and therefore there was, as a matter of law, a difference in the market value. The rule is that issues established by undisputed facts present questions of law for decision by the court and not fact issues for the jury, and, for that reason, should not be submitted to the jury. Stedman Fruit Co. v. Smith, supra; Magnolia Petroleum Co. v. Beck (Tex. Civ. App.) 41 S. W.(2d) 488; Federal Surety Co. v. Smith, supra. This question was not duplicitous. The fact of injury being established as a matter of law, as assumed by the question, the jury was required merely to find one issue; the amount of damages. The question correctly informed the jury the basis of this calculation.

■ The nineteenth issue was as follows: "Do you find, from the preponderance of the evidence that the difference, if any, between the reasonable market value of the said automobile immediately before and immediately after the collision was the direct and proximate result of defendant's negligence, if any, in driving and operating its automobile truck on the left hand side of the said street (if you have found that it did so)?"

The same objections, urged against the eighteenth question, supra, were also urged against this question, and, for the reasons above given, were properly overruled. This question was also excepted to upon the ground that it was not raised by the evidence. As shown by appellant's bill of exceptions, the following testimony was offered on the issue of market value.

"Q. I will ask this: on or about June 10,

1927, and prior to that time, were you familiar with the market value of second hand Chevrolet automobiles in Beaumont, Texas? A. Yes, to a certain extent, I was familiar with it.

"Q. You say you knew this car both before and after the collision? A. Yes, sir.

"Q. What, in your opinion, would be the difference in the market value of this Chevrolet automobile before and after the date of this collision, if you know?

"Whereupon the defendant objected upon the ground that the question was incompetent, immaterial and irrelevant, and not the proper way to prove it, no proper predicate had been laid, and the question calls for a conclusion, and invades the province of the jury, which objections were by the court overruled and the defendant excepted, and the witness answered:

"A. Be something like $150.00

"Whereupon the defendant moved to strike out the answer for the reasons above stated, which motion was by the court overruled and the defendant excepted and now tenders this its third bill of exception which is by the court approved and made a part of the record in this cause."

This witness testified further that he was a mechanic in the garage that repaired appellee's car; that he worked on the car about a week before the accident, and also made all the charges for the repairs caused by the accident. This evidence was sufficient to raise the issue of market value. This testimony also showed that Ivy Marble was qualified to testify on this issue. The testimony of this witness was competent, material, and relevant to this issue.

■■■■ In submitting the measure of appellee's damages, the court instructed the jury to take into consideration "loss of earning power, if any, including such as will, in reasonable probability, directly result to her therefrom in the future, if any." The exception to this charge was that appellee did not plead the loss of future earning power, but pleaded only the loss of "a month from her work." The pleading on this issue was as follows: "Plaintiff sustained an injury over the left eye, consisting of a severe cut and contusion on her said head, the muscles, ligaments and tendons on her right knee and right thigh were badly wrenched, sprained and injured and she was permanently scarred on the left wrist, and plaintiff also as result of said violent collision sustained a severe shock, which seriously and permanently affected her nerves and nervous condition, in that whereas, prior to that time she was normal and had suffered no trouble with her nerves, from and since the date of said collision plaintiff has been extremely nervous as result of the injuries sustained as aforesaid and plaintiff will thus be permanently affected, or at least, for a long and indefinite time in the future, all of which injuries have greatly affected plaintiff's health and caused her much physical suffering and mental anguish. Plaintiff also sustained actual damages, in that she was engaged in the insurance business as an agent for State Life Insurance Company of Indianapolis, Ind. and was at the time of the injuries and had been for a long time prior thereto earning the sum of approximately $300.00 per month selling insurance for said company that as a direct and proximate result of said collision she has lost a month from her work and when she has worked since the date of said collision she has been forced and compelled to work under pressure and undue strain, all proximately caused and resulting from the effects of said collision, and all of plaintiff's said injuries are permanent and the direct and proximate result of said collision, to her actual damage in the sum of Ten Thousand ($10,000.00) Dollars, in addition to the property damage above mentioned, for all of which plaintiff sues."

We think appellant has correctly construed appellee's petition. On the issue of loss of earnings, as an element of her damages, she claimed only the loss of "a month from her work," and it was error to permit her to recover for additional loss of time.

■■■ The court did not err in refusing to submit the issue of whether or not the action of the driver of the car in which appellee was injured was a new and independent cause of her injuries. The driver of the car was her agent, and his conduct, together with her conduct, was specially pleaded by appellant as acts of contributory negligence and was sent to the jury under this special plea. We think this submission carried to the jury every defense available to appellant under the acts of the driver.

■■■ There was no error in instructing the jury that, if they answered a certain question in the negative, they need not answer the remaining questions. This instruction was expressly approved by us in Ineeda Laundry v. Newton, supra.

In view of another trial, we do not discuss appellant's assignments that the verdict was excessive and that certain argument by appellee's attorneys was erroneous.

For the reasons stated, the judgment of the lower court is reversed, and the cause remanded for a new trial.