**KANSAS CITY, M. & O. RY. CO. OF TEXAS**
**v. FOSTER.**

No. 3889.

Court of Civil Appeals of Texas. Amarillo.
Oct. 19, 1932.

Rehearing Denied Nov. 23, 1932.

Collins, Jackson & Snodgrass, of San Angelo, L. W. Allred, of Chillicothe, and Terry, Cavin & Mills, of Galveston, for appellant.

C. Y. Welch, of Quanah, and W. E. Fitzgerald, of Wichita Falls, for appellee.

MARTIN, J.

The respective parties in this case will carry the same designation as in the trial court.

Plaintiff was an employee of defendant and alleged certain bodily injuries received in the course of his employment, which he alleges were due to the negligence of defendant and its agents.

The particular portion of his pleading that we deem necessary to quote here is as follows: "It is shown that at the time and place above alleged, defendant was then having unloaded from its cars and stacked on such premises certain switch ties, all freshly creosoted and each weighing from seven hundred to one thousand pounds, and none of which could be safely handled, as defendant's agents and foremen in charge of such work well knew, by less than four men; that well knowing that two men could not lift and carry such ties without danger of serious injury, defendant's said foreman by it placed over plaintiff, required the same to be done in that manner; and that in carrying one of such ties, weighing more than nine hundred pounds, and while walking backward with it as he was expressly directed by such foreman, plaintiff was caused to stumble and fall over a switch block, negligently left in his path due to the fault of the defendant."

To the plaintiff's petition the defendant pleaded, among other defenses, that "such accident, if any, was occasioned solely by the negligence of the plaintiff in walking backward and not exercising ordinary care to keep from stepping on anything that would or might cause him to fall or stumble" and further, "that such accident and injury was occasioned by the negligence of plaintiff in failing to look where he was walking and that such injury and accident, if any, was caused and contributed to be caused by the plaintiff not exercising ordinary care, as aforesaid."

Plaintiff testified, in substance, that he was assisting in carrying, with one other, a 16-foot tie weighing about 900 pounds at the time of his injury, under the direction of Wash Callahan, a negro foreman in the employment of the defendant. He testified, in part: "I was facing him and I was walking backwards. That was the necessary way to walk in order to get the tie where it belonged. I had an aisle way. I could not turn and both of us walked the same way. * * * As to what happened to me on that occasion I stumbled and fell over a head block. * * * Those stacks were four feet apart so they could have aisle way between them and we could not walk down between the stacks because there were box cars of more ties on the track and there was not room enough to walk and turn around for a long time so we had to go down the aisle and then go to the end of the aisle and then turn and where we had to carry these ties to a 16-foot pile there was a block back there. * * * After we took them out I put them on a push car and pushed the car down as close to the pile as we could go with it and carried them from the push car to the pile."

Wash Callahan, the foreman, testified with reference to the events of the morning of the injury, in part as follows: "We got to arguing over packing an 8 foot tie. Four men was carrying them and I stopped it and put two men on there and he didn't want to carry it (meaning plaintiff). As to how do they carry them, when four men has got them loading them on a push .car they would have lug hooks, but when we were taking them and putting them on an 8-foot stack, two men handled them. He didn't want to· pack the ties, two men to one 8-foot tie, and I told him he couldn't have four men on them, and me and him argued on that and I said, 'You can suit yourself about it, you are not going to carry them that way.' Four men had not been handling 8-foot ties under me. Four men with lug hooks were picking them up and setting them on the push car and when we would take them off to carry them to the stack there would be two men. George was working putting them on the push car and taking them off and carrying them to each stack. We had ties of other lengths than 8-foot. If we had a tie about 16-foot long, six men carried that. If we had a 10-foot tie, I would let six men carry it. We let six carry them until we got down to an 8-foot tie. * * * As to how many of these negroes were stacking ties, well, we had six stacking ties and two in the car and then I took and put two more in the car throwing 8-foot ties out and during the time George quit I put two more men in the car. Four men were there at the time George quit. * * * We made our stacks six feet from the track. As to whether I had .any other stacks except six feet from the track, all of them were six feet from the track that we were working on that day. I measured them myself. He told me he wanted to get transferred to another gang and I told him he could go work on another gang. He turned and went to see Mr. Everett, the Assistant Foreman. He left our gang and never worked in our gang any more."

The jury answered all special issues favorable to the plaintiff, and judgment was entered for him in the sum of $5,035.

The only defensive issues submitted by the court were the following:

Special issue No. 10: "Do you find from a preponderance of the evidence in this case that the plaintiff, George A. Foster, was negligent, as the term 'negligence' has been hereinbefore defined, in walking backwards while assisting in carrying the cross ties being carried by him, if he was carrying same, at the time of the alleged injury?"

Special issue No. 11: "Do you find from a preponderance of the evidence in this case that the plaintiff George A. Foster was neg-

ligent, as that term has been hereinabove defined, in failing to discover the presence of the head block over which he alleges that he stumbled at the time he was assisting in carrying the cross ties testified about?"

Special issue No. 12: "Do you find from a preponderance of the evidence in this case that the stumbling over said head block, if any, at the time testified about was an unavoidable accident?"

To each of these issues the answer of the jury was "No."

The issue of proximate cause was nowhere and in no manner submitted by the court to the jury in connection with the above issues of negligence, nor was the question of what amount, if any, the damages should be diminished in proportion to the amount of negligence, if any, attributable to plaintiff.

Defendant alleged the following objections to the charge of the court:

"To the charge as a whole because the same does not submit the pleaded defenses of this defendant finding predicate in the proof and defendant respectfully requests the proper submission of each of its pleaded defenses."

"To the charge as a whole because contributory negligence as pleaded by this defendant is not properly submitted so that the judgment could be rendered on answers of the jury finding contributory negligence."

It is urged that these objections were too general and cannot here be considered as raising the failure of the court to submit the issue of contributory negligence. There may be two distinct defenses based upon the negligence of the plaintiff in suits of this character, viz.: (1) Negligence which was the sole proximate cause of the accident and injury; and (2) negligence which contributed to proximately cause the accident and injury.

In a suit by an employee against a railroad company for injuries received in the course of his employment due to the negligence of the railroad, the first defense above mentioned constitutes a bar to recovery; but not so as to the second. In a suit of the character under consideration, contributory negligence by virtue of article 6440, R. S. 1925, is not a bar to recovery, but when found to exist, the damages may be diminished by the jury in proportion to the amount of negligence attributable to such employee. Construing a similar provision of the United States statutes, it has been said: "The statutory direction that the diminution shall be 'in proportion to the amount of negligence attributable to such employee' means, and can only mean, that, where the causal negligence is partly attributable to him and partly to the carrier, he shall not recover full damages, but only a proportional amount, bearing the same relation to the full amount as the negligence attributable to the carrier bears to the entire negligence attributable to both; the purpose being to abrogate the common-law rule completely exonerating the carrier from liability in such a case, and to substitute a new rule, confining the exoneration to a proportional part of the damages, corresponding to the amount of negligence attributable to the employee." Norfolk & W. R. Co. v. Earnest, 229 U. S. 114, 33 S. Ct. 654, 657, 57 L. Ed. 1096, Ann. Cas. 1914C, 172.

In other words, negligence of the employee which is the sole cause of the accident and injury may be pleaded in bar, but contributory negligence only in mitigation of damages.

Contributory negligence in this case seems to have been treated as a complete defense to plaintiff's cause of action, and, if this assumption were correct, the omission to charge on proximate cause might be harmless error, in view of the negative response the jury made to the existence of negligence. Likewise, the exceptions noted above might, under such circumstances, be considered too general, but there is more in this case than a defective submission of an issue. There is, as we view it, an entire omission to submit a distinct and affirmative defense which it is made the mandatory duty of the court to do under article 2190. As contradistinguished from an ordinary negligence case, there were, we think, three distinct elements of contributory negligence which should have been submitted in this case: (1) The existence of negligence; (2) whether or not such negligence contributed to proximately cause the accident and injury; and (3) the diminution, if any, of plaintiff's damages which resulted from his own negligence.

That the issue of contributory negligence was present in this case admits of no doubt and that there was an omission to submit this defense is made obvious by the above. That defendant was entitled to have its defenses affirmatively and pertinently submitted is not only its right under the statute, but also under repeated authorities. Fox et al. v. Dallas Hotel Co., 111 Tex. 461, 240 S. W. 517; West Texas Transportation Co. v. Hash (Tex. Civ. App.) 43 S.W.(2d) 152.

We think the objection was sufficient to call the court's attention to the entire omission of a pleaded defense, and we are unable to say that the omission to submit a defense of this character, which went only to the mitigation of damages, was harmless error. The omission to submit the third of the above recited elements of contributory negligence has pointedly been held to constitute reversible error. Missouri, K. & T. R. Co. v. Pace (Tex. Civ. App.) 184 S. W. 1051.

Special issue No. 12 quoted above is objected to because "same placed too great a burden upon this defendant and the burden of proof is improperly stated."

The giving of practically the same identical charge has been several times held to be error. Rosenthal Dry Goods Co. v. Hillebrandt (Tex. Com. App.) 7 S.W.(2d) 521, 522; U. S. Torpedo Co. v. Huff (Tex. Civ. App.) 41 S.W.(2d) 296; Stedman Fruit Co. v. Smith (Tex. Civ. App.) 45 S.W.(2d) 804; Texas & P. R. Co. v. Edwards (Tex. Com. App.) 36 S.W.(2d) 477; El Paso Elec. Co. v. Portillo (Tex. Civ. App.) 37 S.W.(2d) 219; Central States Power & Light Corp. v. Brown (Tex. Civ. App.) 38 S.W.(2d) 892.

■ The plaintiff insists that the error was harmless because the issue of "unavoidable accident" was not raised by the evidence. On such a question precedents are of little value as each case turns upon its own particular facts. In our opinion there is more cogent evidence of an unavoidable accident in this case than the recited facts show in the Rosenthal Case, supra.

"The issue of 'unavoidable accident' arises only when 'there is evidence tending to show that the accident in controversy, which is charged to have resulted from the negligence of the defendant, happened from some unknown cause, or in a manner which cannot be explained, or under circumstances differing from those relied on and constituting a part of plaintiff's case, and which circumstances rebut the charge of alleged negligence for which the defendant is responsible.'" Russell v. Bailey (Tex. Civ. App.) 290 S. W. 1108, 1112.

The jury in this case may not have believed that two men could carry a 900-pound tie as testified to by plaintiff, but may have believed from the facts and circumstances in evidence that he was accidentally injured when carrying a tie of lesser length and weight by accidentally stumbling due to unexplainable causes. Stated otherwise, the conclusion might be inferable from all the facts and circumstances that plaintiff was actually injured in the course of his employment while carrying ties, but that it was due to an unavoidable accident not traceable to either the negligence of the plaintiff or the defendant. Without tediously reciting all the facts and circumstances, we are of the opinion that this issue was in the case, though weakly, perhaps.

■ It is further insisted that special issue No. 10 above quoted was on the weight of the evidence in that it assumed that plaintiff was carrying a cross-tie when same was a disputed issue. We think the evidence makes an issue as to whether or not plaintiff was carrying a tie at the time of the injury. There are, therefore, two issuable fact controversies embodied in this one question and in the form submitted it was error. Texas & P. R. Co. v. Bryan (Tex. Civ. App.) 15 S.W.(2d) 1098; Friesenhahn v. Tips Engine Works (Tex. Civ. App.) 283 S. W. 341. The issue as to whether plaintiff was carrying a cross-tie should be submitted separately on another trial.

Special issue No. 4 was in the following language: "Do you find from a preponderance of the evidence in this case that it was negligence on the part of the defendant or its foreman to require and direct plaintiff to assist in handling the switch ties in the manner in which they were?"

■ The substance and effect of plaintiff's allegations charging negligence quoted above were that the defendant well knew that two men could not lift and carry such ties without danger of serious injury. It is correctly insisted by defendant that the use of the particular language "in the manner in which they were" contained in said special issue did not confine the jury to the negligence pleaded. This authorized a jury finding of negligence against defendant based upon any fact relating to the manner in which the ties in controversy were being handled on the morning of the injury, though such facts were not pleaded nor relied on.

We have recited literally some of the testimony to show the manner of handling the ties on the morning of the injury, some of which might have been appropriated by the jury as a basis for a finding of negligence and which would find no support in the plaintiff's pleadings. Safety First Bus Co. v. Skibinski et al. (Tex. Civ. App.) 36 S.W.(2d) 288; Ft. Worth & Denver City R. Co. v. Jenkins (Tex. Civ. App.) 42 S.W.(2d) 267.

The same error is claimed to exist as to defensive issues submitted. These should be corrected on another trial, so as to make them conform to the pleadings, though we have not thought it necessary to specifically decide that in the form given any of them would constitute reversible error.

■ It is insisted by appellee that it was the duty of appellant to prepare and present written instructions to cure some of the defects in the court's charge above discussed, and having failed to do this, cannot now complain. It has been recently and pointedly decided that such was not necessary. Morrison v. Antwine (Tex. Civ. App.) 51 S.W.(2d) 820, 822.

Other errors assigned are either such as are believed to be without merit or are such as will not likely again occur.

For the errors mentioned, the judgment is reversed and the cause remanded.