

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 7, 1939

Mr. Fred T. Porter
County Attorney
Kaufman, Texas

Dear Sir:

> Opinion No. 0-431
> Re: Unconstitutionality of Article 803a
> of the Penal Code of Texas - fees
> of officers making arrests for speed-
> ing.

Your request for opinion upon the following questions:

> "1.  Is Article 803a of the Penal Code
> unconstitutional and void in its entirety?
>
> "2.  May officers making an arrest in
> speeding cases charge and collect their
> regular fees?"

has been received by this Department.

Article 803a of the Penal Code of Texas, as amended by the Acts of the 5th Called Session of the 41st Legislature (Chapter 76, Section 1), reads as follows:

> "No officer shall have authority to make
> any arrests for violation of the laws of this
> State relating to the speed of motor vehicles
> unless he is at the time of such arrest wear-
> ing a uniform and badge clearly distinguish-
> ing him from ordinary civilians or private
> citizens, and shall have no authority to make
> any such arrests by designedly remaining in
> hiding or lying in wait unobserved in order
> to trap those suspected of violating the
> speed laws in reference to motor vehicles.
> No such officer, and no sheriff, constable,
> marshal, policeman, traffic officer, or other

COPY

Mr. Fred T. Porter, March 7, 1939, Page 2

officer shall be entitled to any fee for making an arrest or serving a warrant of arrest or claim, demand or receive any witness fee or commitment fee for an alleged violation of any law of this State relative to such appeding. It shall be the duty of the district or county attorney, as the case may be, to dismiss any and all prosecutions wherein it is shown that the arrest was made by designedly remaining in hiding or lying in wait unobserved in order to trap those suspected of violating such speed law, and this provision shall apply to such conduct by any highway officer, sheriff, deputy sheriff, constable, marshal, policeman, or any other officer of this State, or political subdivision thereof, provided any officer pursuing or lying in wait in any vehicle other than a motorcycle shall be held to be designedly remaining in hiding as defined in this Act. Provided, however, that the provision hereof pertaining to motor equipment and uniform, shall not apply to an arrest made within the incorporated limits of a city or town having a population less than Ten Thousand (10,000) inhabitants, according to the Federal Census report of 1920.

"The venue of any prosecution for speeding of motor vehicles under State laws shall be in the justice precinct only wherein the offense was committed or in the precinct of the defendant's residence. The badge herein required to be worn by an officer making an arrest shall be diamond-shaped, and the uniform prescribed to be worn by such officer or officers shall consist of a cap, coat and trousers of dark grey color, provided that the uniform worn by city policemen within the corporate limits of an incorporated city or town may be either blue or dark grey in color.

"If any peace officer willfully violates any provision of this Act, he shall, upon conviction, be fined in any sum not to exceed Two Hundred ($200.00) Dollars.

"The Attorney General or any County
Attorney may institute quo warranto to oust
from office any officer violating any provi-
sion of this Act of permit any deputy to do
so. (Acts 1927, 40th Leg., p. 321, ch. 318,
Para. 1, as amended Acts 1929, 41st Leg.,
2nd C. S., p. 83, ch. 47, Para. 1; Acts 1930,
41st Leg., 5th C. S., p. 239, ch. 76, Para.
1.)"

The Court of Criminal Appeals held this arti-
cle unconstitutional in the case of Ex Parte Heiling,
82 SW.(2nd) 644. This case holds as follows:

"Statute requiring officer to wear pre-
scribed uniform with badge when arresting
person for speeding in automobile and con-
tained provision that act was not applicable
to arrests made within incorporated limits
of city or town having population of less
than 10,000 by Federal Census of 1920, held
unconstitutional as 'local' or 'special law'."

In the case of Scoggin vs. State, 38 SW (2nd)
592-594, the Court of Criminal Appeals held Article 803a,
Acts of the Second Called Session of the 41st Legisla-
ture (Ch. 47, Sec. 1), unconstitutional. Said act, as
amended by the 5th Called Session of the 41st Legisla-
ture, is identical with the act of the Second Called
Session of the 41st Legislature, with two exceptions:

One is that any peace officer who wilfully vio-
lates any provision of said act shall, upon conviction,
be fined in any sum not exceeding $200.00. The Attorney
General or any County Attorney may institute quo warranto
proceedings to oust from office any official violating
any provision of said act or permitting any deputy from
doing so.

The other is that the provision in said act
pertaining to motor equipment and uniforms shall not
apply to the arrests made within incorporated city or
town having a population of less than 10,000 inhabi-
tants according to the Federal Census of 1920.

It will be observed that Article 803a, as amended, is not materially different from Article 803a as originally enacted by the Second Called Session of the 41st Legislature. We, therefore, believe that the same rule of construction as applied to the original article would apply to the amended article above referred to.

Article 803a of the Penal Code, as amended by the Second Called Session of the 41st Legislature, in the Scoggin case, supra, was held by the Court of Criminal Appeals to be unconstitutional in that the same violated Sections 19 and 28 of Article 1, Section 1 of Article 2 of the Texas Constitution and the 14th amendment of the United States Constitution.

Section 19 of Article 1 of the Texas Constitution reads as follows:

"No citizen of this State shall be deprived of life, liberty, property, privileges or immunities, or in any manner disfranchised, except by the due course of the law of the land."

Section 28 of Article 1 of the Texas Constitution reads as follows:

"No power of suspending laws in this State shall be exercised except by the Legislature."

Section 1 of Article 2 of the Texas Constitution reads as follows:

"The powers of the Government of the State of Texas shall be divided into three distinct departments, each of which shall be confided to a separate body of magistracy, to wit: Those which are Legislative to one; those which are Executive to another, and those which are Judicial to another; and no person, or collection of persons, being of one of these departments, shall exercise any power properly attached to either of the others, except in the instances herein expressly permitted."

Mr. Fred T. Porter, March 7, 1939, Page 5


        Section 1 of the 14th amendment to the United
States Constitution reads as follows:

        "All persons born or naturalized in the
        United States, and subject to the jurisdic-
        tion thereof, are citizens of the United States
        and of the State wherein they reside. No
        State shall make or enforce any law which shall
        abridge the privileges or immunities of citi-
        zens of the United States; nor shall any State
        deprive any person of life, liberty, or pro-
        perty, without due process of law; nor deny to
        any person within its jurisdiction the equal
        protection of the laws."

        You are respectfully advised that it is the
opinion of this Department that Article 803a, as amended
by the 5th Called Session of the 41st Legislature (Ch.
76, Sec. 1) is unconstitutional in its entirety.

        You are further respectfully advised that it
is the opinion of this Department that all peace officers
of Texas making arrests in speeding cases may charge and
collect the fees allowed them by law.

                            Very truly yours

                            ATTORNEY GENERAL OF TEXAS

                            By

                                Wm. J. Fanning
                                    Assistant


WJF:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS