**ALAMO PRODUCTS COMPANY, Appellant,**

v.

**N. A. RHYNE, Appellee.**

No. 14138.

Court of Civil Appeals of Texas.

San Antonio.

July 10, 1963.

Rehearing Denied Sept. 4, 1963.

Ewers, Toothaker, Ewers, Byfield & Abbott, McAllen, for appellant.

Smith, McIlheran & Jenkines, Weslaco, for appellee.

POPE, Justice.

N. A. Rhyne, a vegetable grower, recovered judgment for $2,711.20 on a cross-action against Alamo Products Company for breach of contract. The court made findings of fact. Rhyne sued Alamo Products for breach of two contracts, one of which related to Rhyne's 1959 bean crop and the other to his 1959 pea crop. The two written contracts were lost, but their terms are not disputed, since they were the forms customarily used at that time by Alamo Products. The essence of Alamo Products' defense to both contracts is that the contracts did not impose upon it the obligation to harvest the two crops. Rhyne contended that Alamo refused to harvest his crops or to release him, Rhyne, from the contract obligations which gave Alamo Products control over the harvesting, with the result that both the bean and pea crops were lost.

Rhyne was not free to harvest the bean crop because the contract gave Alamo Products the control over the crop. Alamo Products exercised that control in such a way that it did not harvest the crop itself, nor did it permit anyone else to harvest it. The contract provided:

"4. Grower agrees that he will not pick, nor permit to be picked, any Green Beans grown on the acreage described herein except as directed by Canner. Sale or delivery of Green Beans from this acreage to any other person or firm shall constitute a violation of this contract by Grower. It is further agreed by and between the parties that a representative of the Canner may enter the fields contracted hereunder during the period of planting, growing and harvesting, for the purpose of inspecting said crop, and that a representative of the Canner shall determine the proper time and manner of harvesting the Green Beans grown hereunder."

Rhyne was not free to harvest the pea crop because that contract gave Alamo Products control over that crop in these terms:

"IV. Grower agrees that he will not pick, nor permit to be picked, any peas grown on the acreage described herein except as directed by the buyer. Sale or delivery of peas from this acreage to any other person, firm, partnership or corporation shall constitute a violation of this contract by the grower. It is further agreed by and between the parties that a representative of the buyer may enter the fields contracted hereunder during the period of planting, growing and harvesting, for the purpose of inspecting said crops, and that a representative of the buyer shall determine the proper time for harvesting peas grown hereunder."

The essence of Alamo Products' defense is that these contracts did not impose upon it the duty of harvesting. If that be true, the contracts at least forbade Rhyne from harvesting or selling the crops to others

without Alamo Products' authorization. The evidence shows that Rhyne, the grower, unsuccessfully sought to be released from the contract on several occasions while the crops still could have been saved. Each time Alamo Products stated that it would harvest the crops. In failing to harvest or permit Rhyne to sell to others, Alamo Products breached the contracts. Kerr v. Blair, 47 Tex.Civ.App. 406, 105 S.W. 548. There is no dispute about the value of the lost crops.

The judgment is affirmed.